ON MOTIONS
CARROLL, Judge.
This matter is before the court on certain motions. On the appeal by the plaintiffs below from an order dismissing the cause with prejudice, two of the appellees have moved to dismiss the appeal as to four of the fifteen plaintiff-appellants. Three of the appellants so moved against here have filed a motion for this court to relinquish jurisdiction to the trial court to enable them to apply there for correction *819 of an order relied upon by the appellees as the basis for moving to dismiss said appellants, as provided for under Rule 3.6(1) FAR, 32 F.S.A., and Rule 1.540 FRCP, 31 F.S.A.
The four appellants as to whom the appeal is sought to be dismissed are Ricardo Sotil, Chomin Ibarlucea, Thomas Goyogana and Juan Urdampilleta Artazamona. It appears that one of the defendants propounded interrogatories separately to each of the plaintiffs. Among those answering the interrogatories were three of the four plaintiffs named just above. The plaintiff Thomas Goyogana did not answer the interrogatories.
Certain of the defendants filed notices directed to the plaintiffs that motions would be filed for dismissal for failure to file cost bonds.[1] Cost bonds were filed by eleven of the plaintiffs, but not by any of the four named hereinabove. However, the sworn answers to interrogatories by the plaintiffs Sotil, Ibarlucea and Artaza-mona each contained a statement or disclosure that he was residing in the State of Florida. No evidence to the contrary appears in the record.[2]
An order was entered by the trial court vacating a prior order of dismissal of plaintiffs for failure to file sworn answers to interrogatories, and allowing plaintiffs thirty days’ time within which to file “properly executed answers to interrogatories,” and providing that plaintiffs failing to do so would stand dismissed without further order of the court. That order contained a further provision, relating to cost bonds, as follows :
“3. The Defendant’s Motion to Post Cost Bond is hereby granted and the Plaintiffs shall have ten (10) days to file Cost Bonds and if the Plaintiffs fail to post Cost Bonds within 10 days from the entry of this Order, their Complaint shall stand dismissed without further Order of this Court.”
The motion of appellees for this court to dismiss Thomas Goyogana as an appellant is well founded, for the reason that said appellant failed to answer the interrogatories, and therefore was dismissed in the trial court by virtue of the order just referred to.
The motion of the appellees for dismissal of the appellants Sotil, Ibarlucea and Artazamona, who did not fail to answer the interrogatories, is based on the fact that those three plaintiffs did not post cost bonds, as a result of which, it is contended by the appellees, they became dismissed in the trial court by virtue of the wording of the order as quoted above which provided for the filing of cost bonds by all plaintiffs.
In response to appellees’ motion, the said three appellants contend their showing, in answers to interrogatories, that they are Florida residents precluded their dismissal by the trial court for failure to file cost bonds. In moving here ’for relinquishment of jurisdiction to the trial court to amend the order relating to cost bonds, so as to limit it to non-resident plaintiffs, said appellants aver it “was the understanding of all of the parties and the court” that the order to post cost bonds was directed to the non-resident plaintiffs, and not to those shown to be residents of Florida.
*820 On consideration of the motions, it is ordered that the motion of the appellees to dismiss the appellant Thomas Goyogana is granted, for the reason stated above; and
It is further ordered that jurisdiction of this court in this case is relinquished to the trial court temporarily, for the purpose of permitting the said three named plaintiff-appellants to apply to the trial court for amendment of the order relating to the requirement for posting cost bonds to exclude them from the effect of said order, as being residents of Florida, if the trial court so determines. The parties arc directed to file herein a certified copy of such order as the trial court may enter, and in any event to report thereon to this court not later than thirty days from the date hereof.

. Section 57.011 Fla.Stat., F.S.A. provides : “When a non-resident jilaintiff begins an action or when a plaintiff after beginning an action removes himself or his effects from the state, he shall file a bond with surety to be approved by the clerk of one hundred dollars, conditioned to pay all costs which may be adjudged against him in said action in the court in which the action is brought.” That section further provides that on failure of the non-resident jdaintiff to file such a bond within thirty days after the commencement of the action a defendant may move for dismissal on twenty days’ notice, or hold the plaintiff’s attorney of record liable for the costs.

. The complaint did not allege the place of residence of any of the plaintiffs.