308 So.2d 599 (1975)
GANNETT FLORIDA CORPORATION, Appellant,
v.
Carmen MONTESANO, Appellee.
No. V-190.
District Court of Appeal of Florida, First District.
February 20, 1975.
Rehearing Denied March 19, 1975.
S.L. Holland, Jr., of Crofton, Holland, Starling, Harris & Severs, Melbourne, for appellant.
Wilton R. Brinkley, Daytona Beach, for appellee.
BOYER, Acting Chief Judge.
Appellant here, defendant in the trial court, appeals from a final judgment entered pursuant to a jury verdict in a libel action.
On May 10, 1970 appellant published in its newspaper "Today" an article reciting a dispute between appellee and one Floyd Raines regarding an alleged faulty repair job on an automobile owned by Raines, appellee being the operator of a service station at which the repairs were allegedly made. The article further reported that Raines had signed a car theft warrant in the office of a justice of the peace but that the constable had not served the warrant on appellee. On October 11, 1971, five months after the publication of the article appellee's attorney wrote to appellant the following letter:
"Pursuant to Florida Statute 770.01, you are hereby notified that a civil action for libel will be brought against The Gannett Florida Corporation in the Circuit Court of Volusia County Florida, after five days from the service of this notice for the publication in the newspaper "Today" on or about May 10, 1970, of the attached article which was false and defamatory in that it imputed a crime to my client, Mr. Carmen Montesano."
Appellant responded to the above letter, declining to publish a retraction. Appellee thereupon filed the suit which culminated in the entry of the judgment here appealed.
Appellant contends that appellee's notice is insufficient under Florida Statute 770.01. We agree. That statute provides as follows:
"Before any civil action is brought for publication, in a newspaper or periodical, of a libel, the plaintiff shall, at least five days before instituting such action, serve notice in writing on defendant, specifying the article, and the statements therein, which he alleges to be false and defamatory."
An examination of plaintiff's notice above quoted in toto with the applicable statute, also above quoted in toto, readily reveals the deficiency. The statute clearly *600 and expressly requires the notice to specify "the article, and the statements therein, which he [plaintiff] alleges to be false and defamatory." Although plaintiff's notice specified the article and attached a copy thereof there is no specification as to the statements therein alleged to be false and defamatory. The notice was therefore insufficient. (See special concurring opinion in Adams v. News-Journal Corporation, Sup.Ct.Fla. 1955, 84 So.2d 549)
Finding, as we do, that the notice was insufficient to sustain the commencement of the action, we find it unnecessary to consider the other points raised on this appeal.
Reversed and remanded with directions to enter a judgment in favor of the defendant in the trial court, appellant here.
McCORD and MILLS, JJ., concur.