337 So.2d 1005 (1976)
Allan H. APPLESTEIN, Appellant,
v.
KNIGHT NEWSPAPERS, INC., an Ohio Corporation, Licensed and Doing Business in the State of Florida, Appellee.
No. 75-1291.
District Court of Appeal of Florida, Third District.
September 14, 1976.
Vandroff, Mandell & Freshman, Miami, for appellant.
Paul & Thomson, Miami, Jerry B. Katzen, South Miami, for appellee.
*1006 Before PEARSON and NATHAN, JJ., and SACK, MARTIN, Associate Judge.
SACK, MARTIN, Associate Judge.
By this appeal, we are called upon to review the following final summary judgment entered by the trial court:
* * * * * *
"1. Defendant asserts that, as a matter of law, Plaintiff is a `public figure' as defined in Butts v. Curtis Pub. Co., 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967) and Gertz v. Welch, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974) and, as such, Plaintiff must show by clear and convincing evidence that the matters complained of in the Complaint were published with `actual malice' as defined in New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) and its progeny. The Court finds that this contention of Defendant need not be passed upon, since the Court has determined that Defendant's Motion must be granted even if Plaintiff is not a `public figure.'
"2. (a) Plaintiff has alleged that the following passage in the article published by Defendant on May 25, 1972 is false and defamatory:
`For Applestein, 40, 130 Casuarina Concourse, Coral Gables, Florida, Thursday's adventure was not his first effort to aid authorities.
`Three months ago he was accused of stopping an off duty Miami policeman he claimed was speeding and while representing himself as Criminal Court Judge Paul Baker, "arresting" the motorcyclist.
`More than a year ago, Applestein was charged with attempting to arrest a summons-serving Metro deputy at gun-point. Charges were not pressed in either case.'
There is no genuine issue of material fact that each statement in the foregoing passage is true in all material respects. In particular the truth thereof is shown by the records of the Coral Gables Police Department filed in support of Defendant's Motion for Summary Judgment and the affidavit of Edward W. Abboud.
(b) Plaintiff has alleged that the following statement in the article published by the Defendant on May 28, 1972 is false and defamatory:
`Another time Applestein was charged  but never convicted  with attempting to "arrest" a Metro deputy at gunpoint.'
There is no genuine issue of material fact that such statement is true in all material respects. In particular the truth thereof is shown by the deposition of Plaintiff and the records of the Coral Gables Police Department filed in support of Defendant's Motion for Summary Judgment.
(c) Plaintiff has alleged that the following statement in the article published by the Defendant on June 9, 1972 is false and defamatory:
`Applestein once was accused of stopping a speeder and identifying himself as Criminal Court Judge Paul Baker. The charge was later dropped.'
There is no genuine issue of material fact that such statement is true in all material respects. In particular the truth thereof is shown by the records of the Coral Gables Police Department and the affidavit of Officer Edward W. Abboud filed in support of Defendant's Motion for Summary Judgment.
(d) Plaintiff has alleged that the following passage in the article published by the Defendant on June 15, 1972 is false and defamatory:
`Judge Dunn's office said the Judge suspended the jail sentence pending "future good behavior" by Applestein.'
`In a June 9 article reporting the conviction of Applestein for impersonating a police officer, The Herald reported Applestein had once been charged with impersonating Criminal Court Judge Paul Baker.'
There is no genuine issue of material fact that each each statement in the foregoing passage is true in all material respects. In particular the truth thereof is shown *1007 by the affidavit of Susan Burnside filed in support of Defendant's Motion for Summary Judgment.
"3. The four statements were contained in articles published by Defendant as a part of its regular coverage of law enforcement activities and judicial proceedings and were published for the purpose of informing the public.
"CONCLUSIONS OF LAW
"1. Under Gertz v. Welch, supra, assuming that Plaintiff is not a `public figure', Plaintiff is required to show the material statements alleged in the Complaint to be defamatory in the four articles published by Defendant were false.
"2. There is no genuine issue as to the truth of the material statements alleged in the Complaint to be defamatory.
"3. There is no genuine issue as to any material fact and Defendant is entitled to a summary judgment as a matter of law.
"ORDER
"1. Final Summary Judgment is hereby entered in favor of Defendant and against Plaintiff and this action is dismissed with prejudice.
"2. Defendant shall recover of Plaintiff its costs in this action."
* * * * * *
Having heard argument herein and considering all points raised on appeal, we find the trial judge was eminently correct and the final summary judgment appealed is hereby affirmed.
Affirmed.