## KARP, et ux v. MIAMI HERALD PUBLISHING CO.

No. 76-9423.

Circuit Court, Dade County.

January 3, 1977.

Retter & Sack, Miami, for the plaintiffs.

Sanford L. Bohrer of Paul & Thomson, Miami, for the defendant.

JOHN V. FERGUSON, Circuit Judge.

*Final summary judgment:* This cause came on for hearing on December 22, 1976 on defendant's motion for summary judgment. The court having considered the pleadings, affidavits, exhibits, depositions, and other papers filed by the parties, having heard argument of counsel, and being otherwise duly advised, makes the following findings of facts, conclusions of law and order —

*Findings of fact*

1. Plaintiffs have alleged five statements in an article written by *Miami Herald* reporter James Buchanan and published by defendant in *The Miami Herald* on February 14, 1975 are false and defamatory.

2. Plaintiffs concede two of the five statements, those relating to plaintiff Ogenia Karp's ownership of a beauty shop and her intention to seek permanent resident status in the United States as an investor, are true.

3. All of the information set forth in the article and specifically all of the facts asserted in the five allegedly false and defamatory statements were communicated to Buchanan by Chester A. Woish as Assistant District Director for Investigations of the Immigration and Naturalization Service of the United States Department of Justice. In his affidavit filed in this cause and at his deposition Mr. Woish confirmed the article accurately reflects what he told Buchanan.

4. Woish was reading from the Immigration and Naturalization Service's file relating to plaintiffs, which was not open to inspection by Buchanan or defendant prior to publication, when he communicated the information to Buchanan.

5. The information published in the article was communicated to Buchanan as part of an Immigration and Naturalization Service policy of disseminating such information and was so communicated in the course of Woish's duties as Assistant District Director.

6. Buchanan made reasonable efforts to contact plaintiffs for their comments on the information he received from Woish about them, but although he left messages to return his calls, he was unable to reach plaintiffs.

7. Defendant's motion for summary judgment and supporting affidavits were served and filed on November 8, 1976. Plaintiffs neither served nor filed any opposing affidavits until midway through the hearing on the motion. As such, service and filing was not within the time provided by the Florida Rules of Civil Procedure and the court did not consider them in ruling on the motion.

8. No evidence has been submitted by plaintiffs to show negligence or any fault on the part of defendant in the writing and publication of the article.

9. There is no genuine issue as to any material fact.

## *Conclusions of law*

1. To recover compensatory or actual damages under the United States Supreme Court holding in *Gertz v. Welch,* 418 US 3ⁿ3 (1974), plaintiffs are required to show the alleged defamatory statements were false, and in addition, that defendant acted with some degree of fault in the writing and publication of the article In *Firestone v. Time, Inc.,* 305 So.2d 172 (Fla. 1974), *rev'd.* 424 U.S. 448 (1976) order on mandate, 332 So.2d 68 (Fla. 1976), it was held the degree of fault applicable to defamation cases brought by private plaintiffs is negligence.

2. There is no genuine issue of material fact that defendant's conduct in the writing and publication of the article was not negligent, and in particular defendant had a right to rely on Assistant District Director Woish in the circumstances.

3. There is no genuine issue as to any material fact and defendant is entitled to judgment as a matter of law.

4. Summary judgment is especially appropriate because of the chilling effect libel suits have on First Amendment freedoms. *Schuler v. Fabrico,* 328 So.2d 520 (3d DCA 1976). See also, *Applestein v. Knight Newspapers, Inc.,* 337 So.2d 1005 (3d DCA 1976).

Therefore, it is ordered — (1) final judgment is entered in favor of defendant and against plaintiffs and this action is dismissed with prejudice.

(2) Defendant shall recover of plaintiffs its costs in this action to be taxed after notice.