### WESTPHAL v. LAKELAND LEDGER PUBLISHING CO.
No. GC-G-76-446

Circuit Court, Polk County.

July 8, 1977.

Vaughn C. Brennan, Lakeland, for the plaintiff.

Sanford L. Bohrer of Paul & Thomson, Miami, for the defendant.

WILLIAM K. LOVE, Circuit Judge.

*Final summary judgment:* This cause came on for hearing on defendant's motion for summary judgment, and the court being duly advised, the court has concluded that the motion should be

granted and a summary judgment entered for defendant for the following reasons —

1. There is no genuine issue as to the following facts —

(a) This action is based on ten articles published by defendant which contained allegedly false and defamatory statements about plaintiff Patricia Ann Burgoon Westphal and which also allegedly invaded plaintiff's privacy (the "articles").

(b) A retraction request was served with respect to the first article, published February 19, 1975, but none was served with respect to the remaining nine articles.

(c) The retraction request made did not specify which statements in the February 19, 1975 article were false and defamatory.

(d) Each of the statements published about plaintiff in the articles is true in all material respects.

(e) There is no evidence defendant acted negligently in publishing the statements complained of.

(f) Plaintiff's name and photograph were not used in the articles for trade, advertising or commercial purposes, but were part of bona fide news reports having current and legitimate public interest.

(g) Certain of the matters published were stipulated to be matters of public record. These include purportedly private facts about plaintiff such as her maiden name, marital status and place of residence, as well as her status in 1952 as Florida Citrus Queen.

(h) The information published about plaintiff concerning her arrest in Texas was given to defendant's reporter from law enforcement officials in Texas.

2. At the hearing on defendant's motion on May 31, 1977, defendant carried its burden of showing the nonexistence of a genuine issue of material fact. The court so advised plaintiff and afforded plaintiff an opportunity to present evidence showing the existence of such an issue, but plaintiff has failed to come forward with any showing of the existence of such an issue.

3. Plaintiff lacks a cause of action for libel because she failed to comply with Florida's retraction request statute prior to commencing this action by (i) failing to serve retraction requests for nine of the ten articles and (ii) failing to specify the false and defamatory statements in the one article for which a retraction request was served. Section 770.01, Florida Statutes (1975);

*Ross* v. *Gore*, 48 So.2d 412 (Fla. 1950) ; *Gannett Florida Corporation* v. *Montesano*, 308 So.2d 599 (Fla. 1st DCA 1975) ; *Orlando Sports Stadium, Inc.* v. *Sentinenl Star Co.*, 316 So.2d 607 (Fla. 4th DCA 1975) ; *Schuler* v. *Miami Herald Publishing Company*, 42 Fla. Supp. 175 (11th Cir. 1975), aff'd, 328 So.2d 520 (Fla. 3d DCA 1976) ; *Adams* v. *News-Journal Corporation*, 84 So.2d 549, 552 (Fla. 1956) (special concurrence).

4. Plaintiff lacks a cause of action for libel because each of the statements about plaintiff in the articles is true in all material respects. *McCormick* v. *Miami Herald Publishing Company*, 139 So.2d 197 (Fla. 2d DCA 1962) ; *Hill* v. *Lakeland Ledger Publishing Company*, 231 So.2d 254 (Fla. 2d DCA 1970) ; *Applestein* v. *Knight Newspapers, Inc.*, 337 So.2d 1005 (Fla. 3d DCA 1976).

5. Plaintiff lacks a cause of action for libel because there is no evidence of negligence on the part of defendant in publishing the allegedly false and defamatory statements. *Gertz* v. *Welch*, 418 U. S. 323 (1974) ; *Time, Inc.* v. *Firestone*, 424 U. S. 448 (1976).

6 Plaintiff lacks .a cause of action for violation of her statutory rights of privacy because the use of her name and photograph (i) was not for trade, commercial, or advertising purposes and (ii) was part of a bona fide news reports. Sections 540.08(1) and (3), Florida Statutes (1975) ; *Nelson* v. *Globe Communications Corp.*, 2 Med.L.Rptr. 1219 (Fla. 4th Cir. 1977).

7. Plaintiff lacks a cause of action for violation of her privacy by disclosure of facts about her such as her maiden name, marital status, place of residence and her former status as Florida Citrus Queen, because such facts are matters of public record. *Cox Broadcasting Corp.* v. *Cohn*, 420 U. S. 469 (1975). As a matter of law such facts were not "private."

8. Plaintiff lacks a cause of action for invasion of privacy because the articles reported plaintiff's involvement in matters of public interest. *Jacova* v. *Southern Radio and Television Company*, 83 So.2d 34 (Fla. 1955) ; *Harms* v. *Miami Daily News*, 127 So.2d 715 (Fla. 3d DCA 1961) ; *Fletcher* v. *Florida Publishing Company*, 319 So.2d 100 (Fla. 1st DCA 1975), rev'd on other grounds, 340 So.2d 914 (1976).

9. Summary judgments are a favored method of disposing of libel suits against the press and are an integral part of the constitutionl protection afforded the press because of the chilling effect on First Amendment freedoms of permitting such suits to go to trial. *Washington Post Co.* v. *Keogh*, 365 F.2d 965 (D.C.Cir. 1966), *cert. denied*, 385 U. S. 1011 (1967), *Schuler* v. *Miami Herald Publishing Company*, supra.

Therefore, finding there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law, it is ordered that —

(1) Final judgment is entered in favor of defendant and against plaintiff, and this action is dismissed with prejudice.

(2) Defendant shall recover of plaintiff its costs.