364 So.2d 845 (1978)
Gustav E. HULANDER, Appellant,
v.
SUNBEAM TELEVISION CORPORATION, a Florida Corporation d/b/a Wckt-Tv, Mandel Kradish and Eagle, Inc., a Florida Corporation, Appellees.
No. 78-510.
District Court of Appeal of Florida, Third District.
November 28, 1978.
Rehearing Denied December 18, 1978.
*846 Schwartz, Klein & Steinhardt and Norman S. Klein, North Miami Beach, for appellant.
Steel, Hector & Davis and Patricia A. Seitz, Miami, for appellees.
Before BARKDULL, HUBBART and KEHOE, JJ.
PER CURIAM.
The appellant brought a suit sounding in libelous slander against the appellees, Sunbeam Television Corporation, d/b/a WCKT-TV, Mandel Kradish and Eagle, Inc. The defendant-appellee, Sunbeam Television Corporation, filed a motion to dismiss alleging a failure to state a cause of action. Upon hearing thereon, the trial court granted the motion, and in said order dismissing the plaintiff's action against Sunbeam with prejudice the following is found:
* * * * * *
"THIS CAUSE came on to be heard before me upon the Motion to Dismiss with Prejudice filed herein by the Defendant, SUNBEAM TELEVISION CORPORATION, a Florida corporation, d/b/a WCKT-TV. In support of the Motion the Defendant claims that the Plaintiff has failed to comply with the requirements of Section 770.01, Florida Statutes (1976) which is a prerequisite to instituting an action against a broadcaster for libel. Section 770.01, Florida Statutes, states:
`Before any civil action is brought for publication or broadcast, in a newspaper, periodical or other medium of a libel or slander, the plaintiff shall, at least five days before instituting such action, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he alleges to be false and defamatory.' (Emphasis added)
"The statute requires specification as to the statements in the broadcast alleged to be false and defamatory. The purpose of the requirement is to enable the broadcaster to retract any false statement contended by the offended party to be false. In order to meet the requirements of the statute, the notice should specify with particularity the statements in the offensive broadcast which are alleged to be false and defamatory. Cooper v. Miami Herald Pub. Co. [159 Fla. 296], 31 So.2d 382 (Fla. 1947); Adams v. News Journal Corporation, 84 So.2d 549 (Fla. 1955); Gannett Florida Corp. v. Montesano, 308 So.2d 599 (Fla. 1st DCA 1975); cert. denied, 317 So.2d 78 (Fla. 1975).
"The pertinent portions of the notice given were as follows:
`We have been retained to pursue a libel action against you for the libelous material which you published on your September 1, 1977, 6:00 p.m. news broadcast wherein you published libelous statements to the effect that our clients had committed, the felony of extortion and bribery with regard to their dealings with a firm known as Eagle, Inc., and an individual known as Mandel Kradish ...' (Emphasis added)
`The purpose of this letter is to give you an opportunity, within five (5) days, to retract said libelous statement by affording the injured parties an opportunity to present their statement, on the same news program, for the same amount of time, to the contrary, and for your station to issue a retraction of any allegations or innuendoes or intimidations of criminal conduct on the part of my clients.' (Emphasis added)
"It is the opinion of the Court that the notice lacks the specificity required by the statute.

*847 "WHEREFORE, it is
"ORDERED AND ADJUDGED that the defendant, Sunbeam's Motion to Dismiss with Prejudice be and the same is hereby granted, and that the Plaintiff take nothing by this action as against said Defendant and that the Defendant, SUNBEAM TELEVISION CORPORATION, a Florida corporation, d/b/a WCKT-TV, go hence without day and recover its costs upon further hearing."
* * * * * *
This appeal ensued. We affirm.
The retraction letter served by the plaintiff's counsel failed to advise the broadcasting company with particularity as to which statements were false, and called upon the company to retract "* * * any allegations or innuendos or intimations of criminal conduct * * *". Nowhere in the retraction notice were the allegations, innuendos or intimations identified. Therefore, we find the action of the trial judge, in dismissing the complaint with prejudice, to be correct. See: Cooper v. Miami Herald Publishing Company, 189 Fla. 296, 31 So.2d 382 (1947); Adams v. News-Journal Corporation, supra; Hevey v. News-Journal Corporation, 148 So.2d 543 (Fla. 1st DCA 1963); Gannett Florida Corporation v. Montesano, supra; Orlando Sports Stadium v. Sentinel Star Company, 316 So.2d 607 (Fla. 4th DCA 1975); Anderson v. Hearst Pub. Co., 120 F. Supp. 850 (S.D.Cal. 1954).
Affirmed.