413 So.2d 51 (1982)
EDWARD L. NEZELEK, INC., a New York Corporation, Appellant,
v.
SUNBEAM TELEVISION CORPORATION, A Florida Corporation, D/B/a Wckt-Tv and Roger Burnham, an Individual, and Mark Wolin an Individual, Appellees.
No. 81-5.
District Court of Appeal of Florida, Third District.
March 16, 1982.
Rehearing Denied May 18, 1982.
*52 Richard L. Polin, Fort Lauderdale, for appellant.
Dwight Sullivan, Miami, for appellees.
Before SCHWARTZ, NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
Edward L. Nezelek, Inc., appeals from a final judgment entered against it for failure to file an amended complaint contending that the complaint was improperly dismissed for failure to state a cause of action and the trial court erred in entering an order of final judgment without notice to plaintiff of the hearing on the motion. We reverse.
Nezelek sued Sunbeam Television Corporation, Roger Burnham and Mark Wolin, appellees, alleging that it had been libeled in a television newscast critical of appellant's performance as general contractor of a new United States customs facility at the Miami International Airport. On March 6, 1980, the trial court granted the motion of defendants/appellees to dismiss with prejudice all causes of action for defamation arising out of the July 31, 1979 broadcast, except "those causes of action based on five quoted statements" in a letter sent to appellees on August 9, 1979 demanding retraction. The court also granted defendants/appellees' motion to dismiss for failure to state a cause of action and gave plaintiff twenty days from the date of that order to file an amended complaint. After Nezelek failed to file an amended complaint within the twenty-day period, appellees moved the court, ex parte, for entry of final judgment for failure to file an amended complaint "within the time allowed by... Court order ... or at any time." On April 7, 1980, the court granted final judgment for appellees with respect to the five statements quoted in the letter of August 9, 1979. Nezelek's motion for rehearing on the final judgment was denied.

I

Notice
As the first point on appeal, Nezelek argues that appellees have no procedural basis for proceeding ex parte before the trial court in order to obtain a final judgment and that it is entitled to notice and hearing on defendant's motion for entry of final judgment. We agree.
In this case the pertinent language in the order of dismissal reads:
FURTHER ORDERED that the Defendant's Motion to Dismiss for failure to state a cause of action is granted and the Plaintiff shall have twenty (20) days from the date of this Order in which to file and serve an Amended Complaint; ...
The motion for final judgment and the final judgment state as the sole basis for judgment the fact that Nezelek failed to file an amended complaint within the time ordered by the court. The motion for entry of final judgment should have been, in our view, treated as a motion for involuntary dismissal, pursuant to Florida Rule of Civil Procedure *53 1.420(b) (1979).[1] Involuntary dismissal is the defending party's remedy for failure of a party seeking affirmative relief to further plead. H. Trawick, Jr., Trawick's Florida Practice and Procedures § 21-5 (1981 ed.), at p. 288.
Rule 1.420(b) requires that "notice of hearing on the motion shall be served as required under Rule 1.190(d)" and that:
Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or lack of an indispensable party, operates as an adjudication on the merits.
We recognize that under Florida law if notice has been given to a plaintiff as required by Rule 1.420(b), the trial court has the authority to dismiss with prejudice the complaint of that party for failure to timely amend.[2]See, e.g., E & E Electric Contractors, Inc. v. Singer, 236 So.2d 195 (Fla. 3d DCA 1970), cert. dismissed, 239 So.2d 827 (Fla. 1970) (not addressing issue but implying that plaintiffs had separate notice of motion for final judgment and dismissal with prejudice); Clifford Ragsdale, Inc. v. Morganti, Inc., supra at n. 2, (plaintiffs filed motion in opposition to motion for final judgment dismissing complaint with prejudice).[3]
Appellees argue that Nezelek had notice as required by Florida Rule of Civil Procedure 1.420(b) because the March 6, 1981 order served as notice that failure to amend within twenty days would automatically result in dismissal with prejudice, or, alternatively, that the final judgment was itself sufficient notice since upon rehearing Nezelek could present his defense against dismissal with prejudice. In support of the argument it is contended that we should apply the logic of the court in Capers v. Lee, 91 So.2d 337 (Fla. 1956) and find that Nezelek is not entitled to separate notice on the motion for entry of final judgment for failure to comply with a court order since Nezelek must have known at the time of the March 6, 1981 order  though that order did not specify  that failure to amend would result in dismissal with prejudice and not merely in dismissal. We reject this logic for the following reasons. We find Capers v. Lee, supra, inapplicable to this case as Capers, supra, was decided before the amendment to Florida Rule of Civil Procedure 1.420(b) requiring express notice of a motion to dismiss for failure to comply with a rule of civil procedure or court order. Cf. 31 Fla. Stat.Anno. 14; Author's Comment, Fla.R.Civ.P. 1.500, "The court is required to enter such a default after notice and thus the new rule overrules Capers v. Lee, 91 So.2d 337."
*54 An order dismissing a claim for failure to state a cause of action with leave to amend is not an order of court to amend. It is permission to do that which without the court's permission would not be allowable.[4] Failure to amend after being given leave to amend is not disobedience of a court order, but is merely a continuing failure to state a cause of action. Hancock v. Piper, 186 So.2d 489 (Fla. 1966). See, e.g., cases interpreting Federal Rule of Civil Procedure 41(b): Johnson v. Boyd-Richardson Co., 650 F.2d 147 (8th Cir.1981); Trujillo v. Colorado, 649 F.2d 823 (10th Cir.1981); Mann v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 488 F.2d 75 (5th Cir.1973). See also State ex rel. Gamble Construction Co., Inc. v. Enright, 556 S.W.2d 726, 728 (Mo. App. 1977); Black's Law Dictionary 801 (5th ed. rev. 1979). The consequences are the same, however, whether the motion for involuntary dismissal with prejudice is based on a continuing failure to state a cause of action under Rule 1.140(b)(6) after having been granted twenty days to do so, or based on failure to comply with an order of the court. The vehicle for the relief is still Rule 1.420(b) and a party moving for dismissal pursuant to its provision is required to serve notice of hearing under Rule 1.090(d).
Nor will an order of dismissal with leave to amend, without more, serve as notice of a motion to dismiss with prejudice in the event of failure to amend. See, e.g., Hancock v. Piper, 175 So.2d 207 (Fla. 2d DCA 1965), cert. discharged, 186 So.2d 489 (Fla. 1966). See also Johnson v. Boyd-Richardson Co., supra; Trujillo v. Colorado, supra; Mann v. Merrill Lynch, Pierce, Fenner and Smith, Inc., supra. This is distinguished from the situation where an order of dismissal with leave to amend expressly provides that failure to amend will result in dismissal with prejudice. See National Shawmut Bank of Boston v. Woodard, 220 So.2d 636 (Fla. 3d DCA 1969), cert. denied, 225 So.2d 917 (Fla. 1969); Stevens v. Metropolitan, Dade County, 164 So.2d 273 (Fla.3d DCA 1964).
Second, a holding that opportunity for argument on a motion for rehearing is sufficient to protect a plaintiff's right to notice under the Florida Rules of Civil Procedure 1.420(b), not only directly conflicts with the express pre-hearing notice requirement of Rule 1.420(b), but prevents the plaintiff from exercising other procedural rights provided by Florida Rules. For example, after entry of final judgment a plaintiff cannot take a voluntary dismissal pursuant to Florida Rules of Civil Procedure 1.420(a)  a dismissal which is without prejudice unless otherwise stated in the notice or stipulation. Florida law, however, requires that a plaintiff be given the opportunity to exercise his right to voluntarily dismiss the action after the court has dismissed the complaint with leave to amend if no further order has been entered prior to entry of final judgment. Hibbard v. State Road Department of Florida, 225 So.2d 901 (Fla. 1969); Heinz Paving & Asphalt Company, Inc. v. United States Fidelity & Guaranty Company, 360 So.2d 29 (Fla. 4th DCA 1978). Ex parte motions are generally disfavored by the Florida Rules of Civil Procedure, see, e.g., Fla.R.Civ.P. 1.420, 1.090(d), 1.500(b), and case law, see, e.g., Hilton v. Florio, 317 So.2d 83 (Fla. 3d DCA 1975) (motion to dismiss may not be entertained by court ex parte); Barr v. Ehrlich, 301 So.2d 147 (Fla. 4th DCA 1974) (ethical considerations forbid ex parte applications to judge where dismissal is in issue); Polland v. Visual Graphics, Corp., 240 So.2d 835 (Fla. 3d DCA 1970) (entry of order on motion to dismiss error where failure to comply with notice rule).
We hold, therefore, that once a court has dismissed a complaint for failure to state a cause of action, but has granted the party leave to amend, that complaint may subsequently be dismissed with prejudice only if one of two notice conditions are met, (1) separate notice to plaintiff of hearing on the motion for dismissal with prejudice or entry of final judgment, or (2) the order dismissing the complaint with leave to amend specifically provides that on failure *55 to amend within the stated time, the cause will be dismissed without further notice. See National Shawmut Bank of Boston, supra. See, e.g., Churruca v. Miami Jai-Alai, Inc., 271 So.2d 818 (Fla. 3d DCA 1973) (order requiring plaintiff to file sworn answers within fifteen days provided that "complaint of plaintiff will be and is hereby dismissed simultaneously default of this order"). Only such express notice will satisfy the notice requirement of Rule 1.420(b).

II

The Complaint
Nezelek next claims that the trial court erred[5] in its order of March 6, 1980 dismissing the complaint for failure to state a cause of action. Though we reverse on the first point, we believe it necessary to discuss the following points for guidance of the trial court on remand. We consider only three of the issues briefed and argued by the parties as the bases for dismissal,[6]i.e., (1) whether the complaint failed to state a cause of action because it did not contain a verbatim reproduction of the alleged defamatory statements, (2) whether the complaint failed to state a cause of action because it did not allege that Nezelek complied with the statutory requirement that it make a written demand for retraction as a pre-condition for suit, and (3) whether the court erred in dismissing with prejudice certain statements in the complaint because they were not identical to the statements in the demand for retraction.
The general rule in Florida is that allegedly defamatory words should be set out in the complaint for the purpose of fixing the character of the alleged libelous publication as being libel as per se. Cooper v. Miami Herald Publishing Co., 159 Fla. 296, 31 So.2d 382 (1947). That a plaintiff "set out" allegedly defamatory words, does not necessarily require that the statements be set out verbatim. This is particularly true where the statements may not easily be retained because they were made orally either in conversation or by radio or television broadcast. For cases in other jurisdictions rejecting the verbatim rule when the allegedly defamatory statements are oral, see, e.g., Okun v. Superior Court of Los Angeles County, 29 Cal.3d 442, 175 Cal. Rptr. 157, 629 P.2d 1369 (1981); Hollowell v. Career Decisions, Inc., 100 Mich. App. 561, 298 N.W.2d 915 (1980); Pursell v. Wolverine-Pentronix, Inc., 44 Mich. App. 416, 205 N.W.2d 504 (1973); Stutts v. Duke Power Co., 47 N.C. 76, 266 S.E.2d 861 (1980); Itri v. Lewis, 281 Pa.Super. 521, 422 A.2d 591 (1980). Accordingly, we hold that when the cause of action for defamation is based on oral statements, it is sufficient that the plaintiff set out the substance of the spoken words with sufficient particularity to enable the court to determine whether the publication was defamatory. We find error if Nezelek's complaint was dismissed for failure to set out verbatim the allegedly *56 defamatory statements. We do not decide whether Nezelek's complaint sufficiently sets out the substance of the alleged defamatory spoken words as there is no indication that this issue was considered.
If the complaint was dismissed for failure to state a cause of action because Nezelek did not allege compliance with Section 770.01, we find no error. Though the demand letter became part of the record when attached to plaintiff's motion to strike part of appellees' motion to dismiss, the letter was neither incorporated into nor attached to the complaint. In Ross v. Gore, 48 So.2d 412 (Fla. 1950) the supreme court held that compliance with the demand for retraction of Section 770.01, is a condition precedent to suit. The rule in Florida is that compliance with conditions precedent must be at least generally averred in the pleadings in order to state a cause of action. See, e.g., Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979); San Marco Contracting Company v. State, Department of Transportation, 386 So.2d 615 (Fla. 1st DCA 1980); Corbo v. Miami Daily News, Inc., 371 So.2d 1066 (Fla. 3d DCA 1979); Fla.R.Civ.P. 1.120(c). Nezelek's response to appellees' motion to strike the pleadings indicates compliance with Section 770.01, however, no showing or averment of compliance was made in a pleading. Fla.R.Civ.P. 1.120(c). Motions are not pleadings. See, e.g., White v. Fletcher, 90 So.2d 129 (Fla. 1956); Raulerson v. Hamm, 394 So.2d 1144 (Fla. 4th DCA 1981); Fla.R.Civ.P. 1.110. See also H. Trawick, supra, § 6-1. The complaint was technically deficient. See Corbo v. Miami Daily News, Inc., supra. The trial court, being limited to the four corners of a complaint in considering the motion to dismiss for failure to state a cause of action, Kaufman v. A-1 Bus Lines, Inc., 363 So.2d 61 (Fla. 3d DCA 1978), was compelled to dismiss the complaint.
The trial court erred, however, in dismissing with prejudice all causes of action which it deemed not supported by quoted statements contained in the demand for retraction. Because the complaint was dismissed with leave to amend as to the five quoted statements in the demand letter of August 9, 1979 and because there is no indication in the record to the contrary, we must assume that the demand notice itself was determined to be in compliance with Section 770.01. If the complaint either presently states, or upon amendment is likely to state a cause of action for defamation, and a demand for retraction was made, then it is error to dismiss with prejudice those statements in an original complaint which constitute the defamation simply because the statements are not identical to the statements in the demand notice. Applying the principle of liberality of pleadings, see Goldcoast Crane Co., Inc. v. Watier, 257 So.2d 249 (Fla. 1971); Ranger Insurance Co. v. Travelers Indemnity Co., 389 So.2d 272 (Fla. 1st DCA 1980), and acknowledging our duty to protect the right of an individual to seek redress in the court for defamation,[7]Layne v. Tribune Co., 108 Fla. 177, 146 So. 234 (1933); Fla. Const. Art. I, § 21, a plaintiff who appears to have a cause of action for defamation should be permitted at least one opportunity to *57 amend his complaint and demand notice to include, if he can, all alleged grounds for the cause of action.[8] This may be particularly important where the publication was by means of broadcast and the plaintiff does not have the printed statements available at the time of the original demand for retraction. Cf. Hevey v. News-Journal Corp., 148 So.2d 543 (Fla. 1st DCA 1963) (holding that where compliance was alleged and the complaint stated a cause of action for libel per se, but that notice was insufficient because it did not specifically identify the article, the complaint was susceptible to further pleading by way of amendment to effectuate the court's conclusion). We recede, therefore, from this court's holding in Hulander v. Sunbeam Television Corp., 364 So.2d 845 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 459 (Fla. 1979) to the extent that Hulander, supra, may bar a single amendment of a demand for retraction made pursuant to Section 770.01 after the filing of complaint.[9] It was error to dismiss the cause of action with prejudice as to those statements not contained in the August 9, 1979 letter.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] A motion for default, Fla.R.Civ.P. 1.500, is available only to a party seeking affirmative relief. This case does not involve failure to make discovery permitting the sanction of striking of pleadings, Fla.R.Civ.P. 1.380(b). The motion does not fall under Fla.R.Civ.P. 1.140(c) because the pleadings cannot be considered closed for purposes of this rule. The pleadings having once been dismissed without prejudice for failure to state a cause of action, we consider the motion for entry of final judgment a motion for involuntary dismissal pursuant to Rule 1.420(b), for failure to state a cause of action under Rule 1.140(b)(6) within twenty days.
[2] Whether dismissal for failure to properly plead is with or without prejudice depends upon the time the order was entered. Before September 30, 1962 or after January 1, 1966 a dismissal for want of proper pleadings is with prejudice unless the order otherwise states. H. Trawick, supra, at p. 289. Compare Hardee v. Gordon Thompson Chevrolet, Inc., 154 So.2d 174 (Fla. 1st DCA 1963) with Clifford Ragsdale, Inc. v. Morganti, Inc., 356 So.2d 1321 (Fla. 4th DCA 1978), cert. denied, 362 So.2d 1051 (Fla. 1978).
[3] The issue of notice was not addressed in the following cases and it is impossible to tell from the opinions whether plaintiffs were, in fact, given a separate notice of the motion for dismissal with prejudice. Singh v. Tolz, 380 So.2d 1326 (Fla. 4th DCA 1980) (Rule 1.540(b)); Brook v. Protean Investors, Inc., 373 So.2d 440 (Fla. 3d DCA 1979); Miami Auto Auction, Inc. v. Friendly Enterprises, Inc., 257 So.2d 69 (Fla. 3d DCA 1972); Reynolds v. Deep South Sports, Inc., 211 So.2d 37 (Fla. 2d DCA 1968).

We consider as incorrectly decided those cases which either expressly or implicitly uphold an order of dismissal with prejudice absent express notice to the plaintiff. See Lasley v. Cushing, 244 So.2d 770 (Fla. 1st DCA 1971).
[4] After a responsive pleading is served a party may amend his pleading only with leave of court, which leave shall be given freely where justice so requires. Fla.R.Civ.P. 1.190(a).
[5] We rejected appellees' argument that this court has no jurisdiction to hear certain points on appeal because Nezelek failed to file a timely notice of appeal from the March 6, 1980 order. See, e.g., Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974) adhering to rule rejecting piecemeal appeal where claims are legally interrelated and in substance involve the same transaction.

The order of March 6, 1980 is not an appealable order as it merely grants a motion to dismiss, see, Cassidy v. Ice Queen International, Inc., 390 So.2d 465 (Fla. 3d DCA 1980); Gries Investment Company v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980); Donnell v. International Fire & Casualty Co., 378 So.2d 1344 (Fla. 3d DCA 1980). However, Rule 9.130(g), Florida Rules of Appellate Procedure authorizes this court to review initially non-final orders where we are called upon to review the final order terminating litigation in a case.
[6] Though the trial court stated in its order of March 6, 1980 that the matter was before the court on the defendant's motion to dismiss with prejudice for failure to comply with Section 770.01, Florida Statutes and failure to allege a cause of action for libel, the court did not specify the bases for its order and dismissal could have been for any one of several grounds raised by the defendant. We decline to discuss the other issues raised by the motion to dismiss, i.e., whether the appellant is a public figure, whether actual malice must be pleaded, and whether punitive damages may be awarded in an action for libel and slander.
[7] Though Section 770.01, Florida Statutes (1979) has been held constitutional, Ross v. Gore, supra, at least one jurisdiction has determined a similar statute to be unconstitutional. See Madison v. Yunker, 589 P.2d 126 (Mont. 1978). Other jurisdictions have not yet extended statutes requiring that plaintiff make a demand for retraction as a pre-condition to suit to radio or television broadcasts, see Hucko v. Jos. Schlitz Brewing Co., 100 Wis.2d 372, 302 N.W.2d 68 (Wis.App. 1981), or have made a demand for retraction a condition precedent only to the seeking of exemplary damages and not to bringing the suit, see Pridonoff v. Balokovich, 36 Cal.2d 788, 228 P.2d 6 (1951) (en banc) (Cal.Civil Code § 48a recovery of special damages even though no correction has been demanded or refused); Kindley v. Privette, 241 N.C. 140, 84 S.E.2d 660 (1954) (N.C. statute dealing with notice of alleged defamatory statement as pre-condition to stating a cause of action so as to afford defendant an opportunity for retraction, relates solely to punitive damages and has no bearing on sufficiency of facts alleged to constitute cause of action).
[8] Under Florida law a plaintiff is limited to a single cause of action in which to recover damages suffered through defamation by the media. §§ 770.05, 770.08, Florida Statutes (1979), Perdue v. Miami Herald Publishing Co., 291 So.2d 604 (Fla. 1974).
[9] The cases cited as authority by the court in Hulander, supra, generally support the policy of liberal amendment of pleadings and are not authority for denying a plaintiff the opportunity to amend his demand notice in order to comply with Section 770.01, if he otherwise is able to state a cause of action. In Cooper v. Miami Herald Publishing Co., 159 Fla. 296, 31 So.2d 382 (1947), the supreme court dismissed the amended complaint not because the notice for retraction was insufficient, but because the amended complaint failed to state a cause of action for defamation. In Adams v. News-Journal, Corp., 84 So.2d 549 (Fla. 1955) the single issue was whether the trial court correctly dismissed a claim of libel on finding that a newspaper editorial was not actionable per se. The supreme court found that the cause was not actionable per se and held that the trial court had properly dismissed the action for failing to state a cause of action.

In Hevey v. News-Journal Corporation, 148 So.2d 543 (Fla. 1st DCA 1963), the court stated even though the notice was insufficient for failure to specifically identify the article, the complaint was susceptible to further pleading by way of amendment, as necessary to achieve the conclusion of the court.
Gannett Florida Corporation v. Montesano, 308 So.2d 599 (Fla. 1st DCA 1975), cert. denied, 317 So.2d 78 (Fla. 1975) was an appeal from a final judgment entered pursuant to a jury verdict in a libel action. The plaintiff had sent a written demand of retraction and the defendant had responded to that demand by declining to publish a retraction. The appellate court directed that the jury verdict be overturned and a judgment entered in favor of the defendant because the notice which had been attached to the complaint failed to specify the statements in the alleged libelous article.
In Orlando Sports Stadium v. Sentinel Star Co., 316 So.2d 607 (Fla. 4th DCA 1975), the plaintiff had, in fact, filed the demand letter subsequent to the filing of his initial complaint. The court dismissed with prejudice only after the complaint had been amended at least five times.
In Anderson v. Hearst Publishing Co., 120 F. Supp. 850 (S.D.Cal. 1954) also cited by the court in Hulander, supra, the California court construed Section 48a of the California Civil Code which has since been amended to include broadcasts. Unlike the Florida statute, the California statute as stated by the court in Anderson, supra, makes a demand for retraction a condition precedent only when the plaintiff is seeking general or exemplary damages. Under the California statute a demand for retraction is not a condition precedent to sue for special damages as defined by the California Code to include "damages which the plaintiff alleges and proves that he has suffered in respect to his property, business, trade, profession, or occupation, including such amounts of money as the plaintiff alleges and proves he has expended as a result of the alleged libel and no other... . See footnote 7, supra.