FERGUSON, Judge
(specially concurring).
I write only to express disagreement with the cases cited above which suggest that an order of dismissal with leave to amend within a specified number of days is an order to amend. Such an order is a nonprejudicial dismissal with permission to file an amended complaint. Failure to amend within the allotted time is not a failure to comply with an order of the court, but is a continuing failure to state a cause of action after having commenced the litigation. Appellant could have taken a voluntary dismissal, without prejudice, at any time before entry of a dismissal with prejudice. Edward L. Nezelek, Inc. v. Sunbeam Television Corporation, 413 So.2d 51 (Fla. 3d DCA 1982).
Appellant did not attempt to file an amended complaint until twenty-five days after the time permitted by the first order. I agree that appellant failed to demonstrate that the court’s dismissal of its complaint with prejudice, after a hearing on appellee’s motion, was an abuse of discretion. The notice of hearing on the motion to dismiss with prejudice did not meet the requirements of Rule 1.090(d), but the defect was waived.