## BRAKE AND ALIGNMENT WORLD SUPPLY CORP., INC. v. POST-NEWSWEEK STATIONS OF FLORIDA, INC.

Case No. 83-8961 (CA 11)

Eleventh Judicial Circuit, Dade County

September 11, 1984

### APPEARANCES OF COUNSEL

**Jerry B. Schreiber** for plaintiff.

**Samuel J. Dubbin** and **Jeffrey B. Crockett, Steel, Hector & Davis,** for defendant.

### OPINION OF THE COURT

MILTON A. FRIEDMAN, Circuit Judge.

This is a libel action by Brake and Alignment World Supply Corp., Inc., against Post-Newsweek Stations of Florida, Inc., which does business as WPLG-TV, Channel 10. This cause came before this Court on the Defendant's Motion for Summary Judgment. After a hearing on September 10, 1984, and upon consideration of the submissions of the parties and the court file, this Court has determined that the Defendant's Motion should be, and is hereby, granted.

The Plaintiff is the franchisor of the trade name "Brake World". In July 1982, the Attorney General of Florida brought an action for

consumer fraud against one of the Plaintiff's franchisees, the "Brake World" brake repair shop at 7700 N.W. 27th Avenue. The filing of the lawsuit generated extensive media publicity, none of which is complained about in this action.

The litigation between the Attorney General and the 27th Avenue Brake World eventually settled. The parties stipulated to an Order in which Brake World (and its proprietor) agreed to pay a fine of $7500, including $4000 for customer refunds, and to be enjoined from violating the law in the future. Channel 10 covered that settlement with the following story:

> If you've got money coming to you from Brake World of 27th Avenue, it might soon be on the way. The State Attorney General's office has reached an out-of-court settlement with the repair firm to the tune of Seventy Five Hundred ($7500.00) Dollars. As Eyewitness News Reporter Molly Turner first told us, Brake World has been accused of bilking some of its customers by performing unnecessary work.

The Plaintiff claims this three-sentence, twenty-second broadcast is libelous. The Defendant has established, however, that it is entitled to summary judgment because there is no genuine fact issue as to the following points: the broadcast is true; it does not concern the named Plaintiff; and it is protected by several privileges which the Plaintiff cannot overcome.

The first reason the Defendant is entitled to summary judgment is that its broadcast is true. Each statement in the broadcast is true, which the Plaintiff essentially concedes. The Plaintiff complains, however, that the use of the word "bilking" is libelous because the Attorney General's complaint does not use that precise term. The Plaintiff's argument misses the mark. "Bilk" is defined by any dictionary as "cheat, defraud, or swindle." The complaint in the Attorney General's suit made these allegations. See *Roush v. State,* 413 So.2d 15 (Fla. 1982). Channel 10 at no time said that there was actual bilking, only that the Attorney General's lawsuit accused Brake World of bilking. It is not libelous to restate prior accusations, which is all Channel 10 did. See *Jamason v. Palm Beach Newspapers, Inc.,* 450 So.2d 1130 (Fla. 4th DCA 1984); *Applestein v. Knight Newspapers, Inc.,* 337 So.2d 1005 (Fla. 3d DCA 1976).

Second, the Defendant is entitled to summary judgment because the broadcast in question neither concerns nor refers to the Plaintiff. This fact is not disputed. The broadcast mentions and concerns one of the

10

Plaintiff's franchisees, a completely separate entity. Recovery is therefore foreclosed by the rule that a claim of indirect harm from remarks concerning third parties does not state a cause of action for libel. *Wolfson v. Kirk,* 273 So.2d 774 (Fla. 4th DCA 1973); *Montgomery v. Knox,* 23 Fla. 595, 3 So. 211 (1887); *Michigan United Conservation Clubs v. CBS News,* 485 F.Supp. 893 (W.D. Mich. 1980), aff'd., 665 F.2d 110 (6th Cir. 1981); *Simmons Ford, Inc. v. Consumers Union of the United States, Inc.,* 516 F.Supp. 742 (S.D.N.Y. 1981).

Third, summary judgment is required because the broadcast is protected by privilege. The broadcast is privileged for two reasons. First, it concerned a matter of public importance—the settlement of an important consumer lawsuit. Second, it conveyed a message of legitimate concern to its audience—it told customers who had claims against the particular repair shop that they might be entitled to refunds out of the settlement. Indeed, the record reflects that nearly $4000.00 in refunds was actually paid. The Plaintiff cannot recover unless it can show the existence of common law malice (ill-will) on the part of Channel 10 or its employees. *Pledger v. Burnup & Sims, Inc.,* 432 So.2d 1323, 1327 (Fla. 4th DCA 1983). The Plaintiff has failed to present any evidence of such ill-will; in fact, the record is undisputed that Channel 10's employees were simply communicating the news to their audience.

Finally, the Plaintiff, if it can complain of the broadcast at all, is a public figure for the purposes of the broadcast by virtue of its extensive advertising activities and access to the media. See *Arnold v. Taco Properties, Inc.,* 427 So.2d 216 (Fla. 1st DCA 1983); *Steaks Unlimited, Inc. v. Deaner,* 623 F.2d 264 (3rd Cir. 1980). As a public figure, the Plaintiff has the burden of establishing "actual malice," i.e., subjective doubt as to the truth of the broadcast, in order to prevail. See *New York Times Co. v. Sullivan,* 376 U.S. 254 (1964). Since the broadcast, even in hindsight, was accurate, the Plaintiff's failure to produce any such evidence is not surprising. The Defendant is therefore entitled to summary judgment on this ground as well.

Based on the foregoing, it is ORDERED and ADJUDGED that final summary judgment is hereby awarded to the Defendant as to all of the Plaintiff's claims. It is further

ORDERED and ADJUDGED that the Plaintiff, Brake and Alignment Supply Corp., Inc., take nothing by this action and that the Defendant, Post-Newsweek Stations of Florida, Inc. a/k/a WPLG-TV, Channel 10, go hence without day. The court reserves jurisdiction to award costs to the Defendant upon motion.