582 So.2d 37 (1991)
O. Randall COOK and Debra Cook, Appellants,
v.
POMPANO SHOPPER, INC., Mary Ellen Femenia, Robert Weinischke and Eugene Weinischke, Appellees.
No. 90-1715.
District Court of Appeal of Florida, Fourth District.
June 12, 1991.
*38 Jay A. Schwartz of Pershes & Schwartz, P.A., Plantation, for appellants.
Robert Feldman of Law Offices of Philip M. Berman, Pompano Beach, for appellees.
PER CURIAM.
Randall and Debra Cook appeal from the trial court's final judgment dismissing their complaint for failure to comply with the statutory notice requirement under section 770.01, Florida Statutes (1976). We reverse.
Appellants were the victims of a home invasion robbery. The Coral Springs News (hereinafter the "News"), owned by the Pompano Shopper, Inc., published a news article about the incident describing it as "like a scene out of Miami Vice... ." The News published a second article entitled: "Home Invasion Burglary?" "Police Claim Inaccuracies In Report." This second article contained much the same facts as the first, but also included the following two quotes attributed to Sergeant James Hanrahan, a public information officer for the Coral Springs Police Department:
"We don't want to speculate," Hanrahan said, "but we have conflicting stories and inaccuracies in the report."
Hanrahan added "that drugs may have been involved" but refused to comment further on the case.
On April 22, 1986, appellants' counsel sent a letter addressed to the News and Mary Ellen Femenia, the author of the two articles, contending that the articles were inaccurate as to their allegations of involvement with drugs and seeking a retraction. The letter provided, in pertinent part:
Both of these articles are inaccurate as to any involvement with drugs or sale of drugs, ... .
Consequently, and pursuant to Florida Statute 770.02 and 836.08 (Sup. 1986) demand is respectfully made that the Coral Springs News and Mary Ellen Femenia immediately issue a retraction of said articles as it insinuates and pertains to the Cook family's involvement in any drug use or drug sale by placing said retraction in a conspicuous place of the newspaper which relieves the Cook family of any implications of drug use or illegal drug sale thereof.
The News did not publish a retraction. On June 3, 1986, appellants' counsel sent a second retraction letter which made reference to a letter sent to the News and Femenia from Penny Mangus, assistant Coral Springs city attorney (hereinafter "Mangus letter"). The Mangus letter was in reference to the second published article, in particular the quotes attributed to Sergeant Hanrahan, and provided:
Editor, Coral Springs News
3009 N.W. 25th Avenue
Pompano Beach, Florida 33069
Re: Newspaper Article entitled "Home Invasion Burglary?"
Dear Editor, Coral Springs News:
In reference to above stated article, please be advised that Sgt. Hanrahan of the Coral Springs Police Department did not state that drugs may have been involved in this particular incident, nor was it his intention to insinuate that this was the case.
Sincerely,
/s/
Penny Mangus
Again, the News refused to print a retraction.
*39 Appellants filed suit against the Pompano Shopper, Inc. and Femenia, alleging counts for libel and negligence. Appellants later filed an amended complaint adding Robert and Eugene Weinischke, the owners of the Pompano Shopper, Inc. The amended complaint alleged counts against the Weinischkes for violations of Florida's Uniform Commercial Code  Bulk Transfers Act and Uniform Fraudulent Transfer Act arising out of the Weinischkes' sale of the Pompano Shopper's assets.[1]
Appellees filed a motion for partial summary judgment on the counts alleging violations of the Bulk Transfers Act and Uniform Fraudulent Transfer Act. The trial court, deciding that a claim for fraudulent conveyance could not be maintained until judgment had been obtained on one of the underlying tort claims, granted summary judgment in favor of appellees without prejudice to appellants to refile.[2] At the commencement of trial, by ore tenus motion, appellees moved to dismiss the libel count on the grounds of insufficient notice. The trial court agreed with appellees that the retraction letters failed to specify the alleged defamatory statements and dismissed the entire case without prejudice to refile after adequate notice had been effected.
Appellants raise several issues on appeal. They claim that the trial court erred: by finding appellants' demand letters for retraction insufficient under section 770.01; by addressing appellees' untimely ore tenus motion to dismiss; by dismissing their negligence count along with the libel count; and by entering partial summary judgment in favor of appellees on appellants' claim of fraudulent transfer. The dispositive issue on appeal is whether appellants' retraction letters satisfied the notice requirements of section 770.01.
Section 770.01, Florida Statutes, provides:

Notice condition precedent to action or prosecution for libel or slander.  Before any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he alleges to be false and defamatory.
The purpose of the notice requirement has been succinctly expressed in Justice Thornal's special concurrence in Adams v. News-Journal Corporation, 84 So.2d 549 (Fla. 1955):
The recognized purpose of the requirement of statutory notice to the publisher is to enable him to retract any false statements, or statements contended by the offended party to be false. It would appear that in order to meet the requirements of this statute, the notice should specify with particularity the statements in the offensive article which are alleged to be false and defamatory. See Walsh v. Miami Herald Publishing Co., Fla. 1955, 80 So.2d 669.
Id. at 553 (emphasis in original). The notice must be specific enough to enable a defendant to retract any allegedly false statements in order to mitigate the harm caused by those statements.
Numerous cases have affirmed dismissals for failure of the notices to "specify with particularity" the alleged defamatory statements. See generally Hulander v. Sunbeam Television Corp., 364 So.2d 845 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 459 (Fla. 1979); Gannett Florida Corp. v. Montesano, 308 So.2d 599 (Fla. 1st DCA), cert. denied, 317 So.2d 78 (Fla. 1975); see also Orlando Sports Stadium, Inc. v. Sentinel Star Co., 316 So.2d 607 (Fla. 4th DCA 1975). Representative of these cases is Hulander, supra, where the plaintiff had been mentioned in defendant's news broadcast inferring involvement in bribery and *40 fraud. Plaintiff's counsel sent a demand for retraction letter alleging libelous statements "to the effect that" the plaintiff had been involved in wrongdoing and requesting, "your station to issue a retraction of any allegations or innuendoes or intimidations of criminal conduct on the part of my clients." Hulander, 364 So.2d at 846 (quoting trial court's order dismissing plaintiff's complaint) (emphasis added by Third District). The Third District affirmed the trial court's dismissal holding that the retraction notice failed to identify the allegations, innuendoes or intimations of criminal conduct.
As distinguished from Hulander and others, the notice here did make specific reference to the alleged defamatory statements. Appellants' second retraction letter incorporated by reference the Mangus letter. The Mangus letter in turn stated that the quotations attributed to Sergeant Hanrahan were a false reproduction by the News. This placed appellees on notice that the quotations were the basis for the libel suit so that if appellees so chose, they could retract those quotations to mitigate any damage caused. We hold that the combination of the three letters, the two letters from appellants' counsel and the Mangus letter, adequately "specified with particularity" the alleged defamatory statements to satisfy the notice requirement of section 770.01.
Further, the record reflects that appellees' ore tenus motion addressed only the libel count and not the negligence count. Since the notice requirement had no effect on the negligence count the trial court erred in dismissing it along with the libel count. This should not be perceived as a comment on the merits of the negligence claim.
Finally, we hold that the trial court erred in granting a partial summary judgment in favor of appellees on the count for fraudulent transfer. A tort claimant or contingent claimant is as fully protected under the Uniform Fraudulent Transfer Act as a holder of an absolute claim. See, e.g., Money v. Powell, 139 So.2d 702 (Fla. 2d DCA 1962) (tort claimants fully protected against fraudulent transfers). A "claim" under the Act may be maintained even though "contingent" and not yet reduced to judgment. See § 726.102(3), Fla. Stat. (1987); see also 37 Am.Jur.2d Fraudulent Conveyances § 145 (general rule is that tort claimant may maintain action for fraudulent conveyance prior to obtaining judgment on underlying tort).
Accordingly, we reverse the trial court's dismissal of appellants' counts for libel and negligence, and the court's partial summary judgment on the fraudulent conveyance count. We remand this cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
DELL and STONE, JJ., concur.
LETTS, J., dissents without opinion.
NOTES
[1] The amended complaint also added the corporations that purchased the Shopper's assets, they are not a part of this appeal.
[2] The trial court also granted final summary judgment in favor of the Weinischkes on the Bulk Transfers count. Appellants have not appealed from this judgment.