585 So.2d 286 (1990)
SEKOT LABORATORIES, INC., Appellant,
v.
Lawrence P. GLEASON, Jr., Hospital Corporation of America, Allied Clinical Laboratories, Inc., International Clinical Laboratories of Florida, Inc., International Clinical Laboratories of Nashville, Inc., and Dade Immuno-Diagnostics, Inc., Appellees.
Nos. 89-516, 89-437, 89-435 and 89-433.
District Court of Appeal of Florida, Third District.
June 26, 1990.
On Motion for Rehearing September 17, 1991.
Mark V. Silverio and Robert J. Schaffer, Miami, for appellant.
Donald M. Papy, Kenny, Nachwalter & Seymour and James J. Kenny and Scott E. Perwin, Kelley, Drye & Warren and Beth Ann O'Neill, Baker & McKenzie and Landon K. Clayman, Miami, for appellees.
Before BASKIN, FERGUSON and COPE, JJ.
*287 PER CURIAM.
Sekot Laboratories, Inc., plaintiff below, appeals orders dismissing its third amended complaint with prejudice as to all defendants. The dismissals resulted because Sekot filed the third amended complaint beyond the time allowed by the court. We affirm the dismissal but strike so much of the order as indicates the dismissal is with prejudice.
In January and February, 1988 Sekot filed a complaint, and amended complaint, against a former employee, Lawrence P. Gleason, Jr., and two of Gleason's subsequent employers, Hospital Corporation of America ("HCA"), and Allied Clinical Laboratories, Inc. By leave of court, in June, 1988 Sekot filed a second amended complaint which added two new defendants, International Clinical Laboratories of Florida, Inc. and International Clinical Laboratories of Nashville, Inc. ("International"). International filed a tardy motion to dismiss. The parties submitted an agreed order granting International's motion and allowing Sekot until November 22, 1988, to amend. In the meantime Sekot moved for leave to add a new defendant, Dade Immuno-Diagnostics, Inc., but apparently did not obtain a ruling on the motion.
On November 18, 1988, Sekot moved for an additional 20 days time to file the third amended complaint. On December 21, Sekot filed a document apparently intended to inform counsel that Sekot was still working on the third amended complaint and requesting "forbearance ... until January 10, 1989."
On January 3, 1989 Sekot served its third amended complaint, containing amended allegations as to all defendants. The third amended complaint also joined Dade Immuno-Diagnostics as a new defendant. All defendants moved to dismiss. International moved to dismiss with prejudice under Rule 1.140, Florida Rules of Civil Procedure, for failure to state a cause of action. The other defendants moved to dismiss without prejudice, under Rules 1.140 and 1.420, Florida Rules of Civil Procedure.
At the hearing on Gleason's motion to dismiss, several defendants argued that the order granting twenty days' leave to amend had automatically become a dismissal with prejudice upon expiration of the time allowed. The trial court agreed and dismissed the third amended complaint with prejudice, pursuant to Rule 1.420(b), Florida Rules of Civil Procedure. The court thereafter dismissed with prejudice as to all other defendants, including the newly-joined Dade Immuno-Diagnostics.
The trial court erred by dismissing with prejudice. An order granting leave to amend permits the party to amend; it does not require it. See Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51, 54 (Fla. 3d DCA), review denied, 424 So.2d 763 (Fla. 1982). From a procedural standpoint, "[o]nce a court has dismissed a complaint with leave to amend, it cannot subsequently dismiss with prejudice for failure to timely amend unless (1) separate notice is given to plaintiff of the hearing on the motion to dismiss with prejudice, or (2) the order dismissing the complaint with leave to amend specifically provides that on failure to amend within the stated time, the cause will be dismissed without further notice." Neu v. Turgel, 480 So.2d 216, 217 (Fla. 3d DCA 1985), cause dismissed, 486 So.2d 598 (Fla. 1986); accord Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d at 54-55.
Taking point (2) of Neu first, the order on International's motion to dismiss granted leave to amend. It did not specify that there would be a dismissal with prejudice in the event the plaintiff failed to amend within the time allowed. There was, therefore, no basis for defendants' argument that the failure to timely amend automatically ripened into a dismissal with prejudice.
Defendants argue, however, that under point (1) of Neu, the dismissal with prejudice is sustainable because they gave notice of the hearing on the motions to dismiss, thus satisfying the "separate notice" requirement of Nezelek, 413 So.2d at 54. For two reasons, we disagree. First, no defendant moved to dismiss with prejudice pursuant to Rule 1.420(b). The only *288 motion to dismiss with prejudice was filed by International. That motion traveled under Rule 1.140, and raised wholly different issues. The notice requirements of Neu and Nezelek were therefore not met.
Second, assuming arguendo that the notice requirements were met, this was not a proper case for dismissal with prejudice. Defendants proceed on the assumption that once notice of the hearing is given under Nezelek, they are entitled to dismissal with prejudice under Rule 1.420(b) as a matter of right. That is not so. Such a motion is addressed to the sound discretion of the trial court and is reviewable for abuse of discretion. Where a court has permitted an amendment, the failure to amend timely is most nearly analogous to a failure to prosecute the action, which is the classic case for a dismissal without prejudice. Under the logic of Neu, such a dismissal is presumptively a dismissal without prejudice. In appropriate circumstances, a dismissal with prejudice will be sustained, but this is not such a case.
In the present case Sekot filed a timely motion for extension of time, which expired December 12. Appellees concede that the request for additional time was reasonable and that there was no basis on which to oppose an extension to that date or to the filing date of January 3. No appellee has been able to show any prejudice by reason of the delay. It was, of course, Sekot's burden to move for additional time where needed. Assuming a sanction was appropriate, dismissal without prejudice was as severe a sanction as could be justified.[*] In the present case the delay was short, and it was abundantly clear at all times that the plaintiff intended to go forward. See Kerry's Bromeliad Nursery, Inc. v. Reiling, 561 So.2d 1305 (Fla. 3d DCA 1990); D'Best Laundromat, Inc. v. Janis, 508 So.2d 1325, 1326 (Fla. 3d DCA 1987), and cases cited therein.
We affirm the orders of dismissal but reverse insofar as they dismissed with prejudice.
Affirmed in part, reversed in part.

ON MOTION FOR REHEARING
We deny defendants' motion for rehearing. Defendants argue that our decision conflicts with Neida's Boutique, Inc. v. Gabor & Co., 348 So.2d 1196, 1197 (Fla. 3d DCA 1977), cert. denied, 366 So.2d 883 (Fla. 1978); Miami Auto Auction, Inc. v. Friendly Enterprises, Inc., 257 So.2d 69, 70 (Fla. 3d DCA 1972) and E & E Electric Contractors, Inc. v. Singer, 236 So.2d 195 (Fla. 3d DCA), cert. dismissed, 239 So.2d 827 (Fla. 1970). According to defendants, those decisions hold that the expiration of time beyond the deadline for amending will, without more, justify converting a dismissal without prejudice into a dismissal with prejudice. Defendants say that a delay of nineteen days beyond the deadline in Neida's Boutique was sustained; that a longer delay was involved in the present case; and therefore the dismissal with prejudice must be affirmed. While the present case is distinguishable on factual grounds from the cases relied on by defendants,[1] we assume arguendo their applicability and consider the legal issue presented.
To begin with, each of the cited decisions predates this court's decision in Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51 (Fla. 3d DCA), review denied, 424 So.2d 763 (Fla. 1982). The earlier cases must be construed in light of Nezelek, and its progeny, as was done in our previous opinion in this case. All three cases indicate that the standard is one of abuse of discretion, and none of the cases purports to establish the sort of automatic *289 dismissal with prejudice rule contended for by defendants.
Whether or not discretion has been abused is a question to be evaluated under the totality of the circumstances. Moreover, the exercise of discretion must be measured against articulable standards in order to arrive at a principled reason for decision. Nezelek made clear that an order of dismissal "with leave to amend is not an order of court to amend. It is permission to do that which without the court's permission would not be allowable. Failure to amend after being given leave to amend is not disobedience of a court order, but is merely a continuing failure to state a cause of action." 413 So.2d at 54 (emphasis added; citations omitted). It is, in other words, a failure to prosecute: the quintessential dismissal without prejudice.[2] The three cases relied on by defendants announce a conclusion with little or no discussion, so the factors supporting the exercise of discretion are not delineated. In short, the three cases must be read in light of the more recent and detailed analysis in Nezelek.[3]
Among the other factors which should be taken into account in the exercise of discretion is Florida's long-standing policy in favor of adjudication on the merits, and against procedural default. See, e.g., North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Coggin v. Barfield, 150 Fla. 551, 554, 8 So.2d 9, 11 (1942); Franklin v. Franklin, 573 So.2d 401, 403-04 (Fla. 3d DCA 1991); Apolaro v. Falcon, 566 So.2d 815, 816 (Fla. 3d DCA 1990). Dismissal with prejudice is an extreme sanction and should not be imposed in the absence of a showing that the opposing side was "prejudiced in a meaningful way by plaintiffs' tardiness." Beauchamp v. Collins, 500 So.2d 294, 295 (Fla. 3d DCA 1986), review denied, 511 So.2d 297 (Fla. 1987). In short, the principles outlined in Nezelek, and Florida's policy in favor of adjudication on the merits, constitute the standard against which to decide whether a dismissal for failure to amend should be with, or without, prejudice.
Defendants concede that they have suffered no prejudice by reason of the delay in amending.[4] That being so, defendants' argument on this point must be rejected.[5]
The motion for rehearing is denied.
NOTES
[*] The limitation period had not run, so the effect was not that of dismissal with prejudice.
[1] Defendants contend that the delay in this case was 42 days, after leave was given to amend. While technically correct, in the present case the plaintiff did file a motion for an extension of time before the original twenty days expired and then filed another document informing the court that the appellant needed additional time in which to file a third amended complaint. While it is true that the trial court never ruled on these motions and that the procedure was unusual, it is clear that at all times the plaintiff was actively pursuing the case, or if there could be said to have been any doubt at all, it was for no more than the hiatus between December 8 and December 21.
[2] It would be anomalous if other forms of failure to prosecute would be subject to the one-year rule of Rule 1.420(e), Florida Rules of Civil Procedure (which results in a dismissal without prejudice) while a shorter delay after leave to amend would result (under defendant's view) in a dismissal with prejudice.
[3] E & E is terse, but to the extent of its discussion, appears to treat the order as commanding an amendment by a date certain, for it is treated as a default. 236 So.2d at 196. Nezelek has since limited that approach to the circumstance in which notice of that consequence (i.e., tardiness will result in dismissal with prejudice) is given in the order granting leave to amend. Nezelek, 413 So.2d at 54. The same limitation would be true with respect to Miami Auto Auction, which followed E & E.

Neida's Boutique is distinguishable. There the plaintiff's amended complaint was dismissed with further leave to amend within ten days. The second amended complaint was filed one month later and was dismissed with prejudice. This court's principal holding was that the second amended complaint again failed to state a cause of action. Tardiness was an alternative ground and must be read in light of the first (and dispositive) ground for dismissal.
[4] Indeed, the most vociferous advocate of dismissal with prejudice  International  had itself been late in filing its motion to dismiss in response to the second amended complaint. Dade Immuno-Diagnostics, Inc., was a newly added defendant which was joined in the action for the first time by the third amended complaint  and received an instant dismissal with prejudice.
[5] Defendants reargue their position that, after vigorously opposing Gleason's motion to dismiss, plaintiff then reversed position and affirmatively requested dismissal with prejudice. Plaintiff disclaims any such intention. We agree with plaintiff that the transcript cannot properly be read as advocated by defendants. When read in context, it is clear that counsel's statement was no more than a request for clarification as to whether or not the dismissal would be with prejudice. If there was any doubt on that score  and we think there was none  it was certainly clear in the hearings on the remaining motions to dismiss that plaintiff opposed the motions.