PER CURIAM.
Anthony Bellomio and University Dental Health Center appeal an adverse final judgment. We reverse.
Bellomio and University Dental Health Center brought a legal malpractice suit. The trial court dismissed the complaint with leave to amend within twenty days. Shortly thereafter, plaintiffs’ counsel was allowed to withdraw. Insofar as pertinent here, the trial court entered a written order allowing plaintiffs twenty days to retain new counsel. The order stayed the obligation to file the amended complaint until new counsel was retained.
Plaintiffs retained new counsel on the 29th day, instead of the 20th day. Counsel served *370 a notice of appearance and a motion for extension of time to file the amended complaint. In the meantime, defendants moved to strike plaintiffs’ pleadings because they had not obtained counsel by the 20th day. The court struck plaintiffs’ pleadings and entered judgment in favor of defendants.
Florida’s public policy favors disposition of lawsuits on the merits. See, e.g., North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962); Coggin v. Barfield, 150 Fla. 551, 554, 8 So.2d 9, 11 (1942); Sekot Laboratories, Inc. v. Gleason, 585 So.2d 286, 289 (Fla. 3d DCA 1990); Apolaro v. Falcon, 566 So.2d 815, 816 (Fla. 3d DCA 1990). In our view the extreme sanction of dismissal was not warranted where the parties were nine days late in obtaining substitute counsel. Defendants have not shown that they were prejudiced by reason of the delay. We reverse the order striking pleadings, and the final judgment entered thereon, and remand for further proceedings.
Reversed and remanded.