PER CURIAM.
We have before us a final order dismissing a complaint with prejudice entered by the trial court after appellants steadfastly refused to amend their complaint, although given leave to do so on two prior occasions by the court below. Having reviewed the record of the truly unusual proceedings below, we can certainly understand the perceived frustration on the part of the trial judge. Nevertheless, while we affirm the trial court’s dismissal of the complaint, we must find that the dismissal with prejudice for failure to amend was an abuse of discretion. Sekot Lab., Inc. v. Gleason, 585 So.2d 286 (Fla. 3d DCA 1990) (on motion for rehearing). As this court has said:
[A]n order of dismissal “with leave to amend is not an order of the court to amend. It is permission to do that which without the court’s permission would not be allowable. Failure to amend after being given leave to amend is not disobedience of a court order, but is merely a continuing failure to state a cause of action.” It is, in other words, a failure to prosecute: the quintessential dismissal without prejudice.
Sekot, 585 So.2d at 289 (emphasis omitted) (citation omitted) (quoting .Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51, 54 (Fla. 3d DCA), rev. denied, 424 So.2d 763 (Fla.1982)). Thus, we affirm the dismissal but strike all portions of the order which state that the dismissal is with prejudice.
Affirmed in part and reversed in part.