671 So.2d 249 (1996)
Donald HANFT, M.D. and Donald Hanft, M.D., P.A., Appellants,
v.
Suzanne CHURCH and John Church, Appellees.
No. 95-3421.
District Court of Appeal of Florida, Third District.
April 10, 1996.
*250 Glen Goldsmith; LaCasa & Associates and Eduardo R. LaCasa, Miami, for appellants.
Friedman and Friedman; Gary Alan Friedman and John S. Seligman, Coral Gables, for appellees.
Before JORGENSON, COPE and GERSTEN, JJ.
PER CURIAM.
Donald Hanft, M.D. and Donald Hanft, M.D., P.A. appeal an order denying their motion to set aside a default. We reverse.
Dr. Hanft was served with a medical malpractice complaint on July 18, 1995, the day before he was to depart for a previously scheduled medical conference and vacation in Europe. According to the doctor's affidavit, he had delivered two babies on the evening of July 17. On July 18 he was served with process in the midst of attending patients on his last work day prior to departure for the conference. The affidavit states that the doctor mistook the papers for a records subpoena, which the office receives regularly, and did not realize that the papers instead were a lawsuit against him.
Upon his return to the office on the twenty-first day after service, the doctor read the papers, realized that it was a lawsuit, and immediately contacted counsel. Counsel in turn immediately called plaintiffs' counsel by telephone on the twenty-first and twenty-second days after service. In the meantime, plaintiffs' counsel had mailed a motion for default ex parte to the clerk on the twentieth day. Plaintiffs refused to grant counsel the courtesy of an extension of time, and refused to recall the motion for default. On the twenty-second day the clerk entered the default. Defense counsel filed a verified motion to vacate default on the twenty-second day after service of process.
There is no question that the doctor acted with due diligence in moving to set aside the default, and that the papers he filed demonstrate the existence of a meritorious defense. The trial court ruled against the doctor, however, on the basis that excusable neglect had not been shown. We disagree.
Florida's longstanding public policy favors adjudication of lawsuits on the merits. See North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 853 (Fla.1962). Thus, "` * * * if there be any reasonable doubt in the matter [of vacating a default], it should be resolved in favor of granting the application and allowing a trial upon the merits of the case....'" Id. (citations omitted).
We conclude that excusable neglect was shown in this case. See Okeechobee Imports, Inc. v. American Savings and Loan Assoc. of Florida, 558 So.2d 506 (Fla. 3d DCA 1990); Carter, Hawley, Hale Stores, Inc. v. Whitman, 516 So.2d 83 (Fla. 3d DCA 1987). Accordingly the order under review is reversed and the cause remanded with directions to vacate the default.
Reversed and remanded.