740 So.2d 557 (1999)
Clemente ALMEIDA and Juana Almeida, Appellants,
v.
FMC CORPORATION, a foreign corporation, et al., Appellees.
No. 98-366.
District Court of Appeal of Florida, Third District.
March 24, 1999.
Rehearing Denied October 7, 1999.
*558 George M. Nachwalter, Miami; Sina Negahbani, for appellants.
Butler, Snow, O'Mara, Stevens & Cannada and Michael E. McWilliams, Jackson, Mississippi; Holland & Knight and D. Bruce Hoffman; Boehm, Brown, Seacrest, Fischer & Lefever and Susan B. Harwood, Orlando; Murai, Wald, Biondo & Moreno and Anatonio Arzola; Beirne, Maynard & Parsons and Jack E. Urquhart and Laura E. DeSantos, Houston, Texas; Anania, Bandklayder, Blackwell & Baumgarten and Douglas H. Stein; Peters, Robertson, Parsons, Welcher, Mowers & Passaro and Kimberly M. Valashinas, Ft. Lauderdale; Carlton, Fields, Ward, Emmanuel, Smith & Cutler and Jeffrey A. Cohen, for appellees.
Before COPE, GREEN, and FLETCHER, JJ.
FLETCHER, Judge.
Appellants Clemente and Juana Almeida [Almeidas] appeal the denial of their motion to set aside an order dismissing their complaint without prejudice pursuant to Florida Rule of Civil Procedure 1.070(j). We reverse.
On February 28, 1997, the Almeidas filed a personal injury action against multiple defendants, seeking damages for injuries allegedly caused by extermination chemicals. In early April 1997, the Almeidas' attorney assigned a temporary secretary, who had only been employed since March 26, 1997, the duty of issuing summonses to the defendants and arranging for service of process. During the next two months, the secretary allegedly told the attorney and other staff members that she had issued the summonses, but, in reality, she had not done so. The record is undisputed that on April 15, 1997, the temporary secretary intentionally misrepresented the status of service of process to the Almeidas' attorney, telling him that the summonses to the various defendants had been issued and had been sent out to be perfected. A few weeks later, in early May 1997, the temporary secretary told another staff member that service had been perfected. On June 25, 1997, three days before the expiration of the 120-day period for service of process pursuant to Florida Rule of Civil Procedure 1.070(j)[1], the Almeidas' attorney discovered the truth -B that service had, in fact, not been perfected by the temporary secretary. The attorney began immediate efforts to *559 obtain service. He did not file a motion for extension of the 120-day period prior to the expiration of the June 28, 1997 deadline for service; however, all of the defendants were served within the next month, between July 14 and 21, 1997.
During the time period that the Almeidas' counsel continued his service efforts, on July 14, 1997, the trial court, sua sponte, dismissed the Almeidas' complaint without prejudice due to the running of the Rule 1.070(j) 120-day service period. At the time of the dismissal, the four-year statute of limitation on the Almeidas' claim had run.
On July 22, 1997, the Almeidas filed a motion to set aside the dismissal, asserting as "good cause" for the failure to timely serve the defendants, the intentional misrepresentation by the temporary secretary and the circumstances of the case which would prevent the re-filing of the complaint even though the trial court's dismissal was technically without prejudice. The motion to set aside was heard on January 9, 1998 and denied on February 2, 1998, with the trial court finding that "good cause" was not shown. Rather, the trial court found that the failure of timely service was the result of attorney neglect and inadvertence, which has been found insufficient to support a "good cause" finding in some Rule 1.070(j) cases.[2]
We find that the unusual and totally unexpected intentional misrepresentations regarding service made by the temporary secretary are sufficient good cause why service was not made within 120 days. This is bolstered by the immediate and ultimately successful steps to obtain service taken by the Almeidas prior to and after the expiration of the 120-day deadline. We also note the admitted absence of any prejudice to the defendants from the "late" service,[3] as well as the potential result not intended by the rule that the Almeidas would be precluded from ever having their case heard on the merits should the trial court's dismissal stand. Accordingly, under the circumstances of the present case and in light of this court's longstanding preference for trials on the merits,[4] we conclude that the Almeidas' complaint must be reinstated.
As we earlier footnoted, Rule 1.070(j) was amended during the pendency of this appeal.[5] It now requires the trial court to extend the time for service where the plaintiff shows either good cause or excusable neglect for the failure to make timely service. In its opinion making the change, the supreme court provided that the amendment shall apply not only to all civil cases commenced after the date of the opinion, but also to all pending civil cases "insofar as just and practicable." Amendment to Fla. Rule of Civil Procedure 1.070(j), 24 Fla.L.Weekly S109, ___ So.2d ___, 1999 WL 106934 (Fla. March 5, 1999). We certainly believe that it would be just under the circumstances of the case to apply the new rule, which we hereby *560 do (as it is also practicable, even at this stage of the proceedings). Therefore, whether the plaintiffs' failure was based on good cause (as we have already concluded), or the lesser standard of excusable neglect (which is of logical necessity included in our decision as to the higher standard), our application of the rule as amended also requires reinstatement of the complaint.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[1] Which read at that time:

"(j) Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court's own initiative after notice or on motion. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under Rule 1.420(a)(1)."
During the pendency of this appeal the rule was amended. The amendment will be discussed shortly.
[2] See Hernandez v. Page, 580 So.2d 793 (Fla. 3d DCA 1991); see also T & S Rentals v. United States, 164 F.R.D. 422 (N.D.W.Va. 1996).
[3] The defendants graciously conceded at oral argument before this court that they did not suffer any prejudice from the violation of Rule 1.070(j).
[4] See Royal Caribbean Cruises, Ltd. v. Traveler, 699 So.2d 847 (Fla. 3d DCA 1997); Hanft v. Church, 671 So.2d 249, 250 (Fla. 3d DCA 1996); Bellomio v. Malinski, 624 So.2d 369, 370 (Fla. 3d DCA 1993).
[5] It now reads:

"If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading, the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under Rule 1.420(a)(1)."