943 So.2d 200 (2006)
Mikhail SHTALENKOV, Appellant,
v.
Dana J. DEATHERAGE, Appellee.
No. 3D05-1679.
District Court of Appeal of Florida, Third District.
October 18, 2006.
*201 Jose M. Medina, Miami, for appellant.
Pape & Chandler, John Pape and Marc A. Chandler, Fort Lauderdale, for appellee.
Before RAMIREZ, SHEPHERD, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
Mikhail Shtalenkov, the appellant and father of two minor children born on December 5, 2000 ("father"), appeals a child support order. He challenges an adverse ruling on his motion to dismiss the complaint filed by the mother of the children, Dana J. Deatherage ("mother"), for failure to effectuate timely service upon him. Additionally, the father appeals the trial court's conclusion that his financial affidavit reflects his income in dollars, rather than in rubles. We affirm.
The instant lawsuit is the result of a paternity action and subsequent attempt by the mother to obtain child support for the two children the appellant fathered while employed as a professional hockey player for the Florida Panthers of the National Hockey League. After it was determined that the appellant fathered the children, he returned to his native country, Russia. After numerous attempts to locate and serve the father, both in the United States and in Russia, service was effectuated. The father moved to dismiss the complaint due to protracted delay in perfecting service.
While Florida Rule of Civil Procedure 1.070(j) provides for a 120-day window in which to effectuate service after the filing of the initial pleading, the rule does allow for extensions "for an appropriate period" upon a showing of good cause or excusable neglect. While such extensions are within the discretion of the trial court, see Almeida v. FMC Corp., 740 So.2d 557 (Fla. 3d DCA 1999), we recognize that this discretion is not limitless. Based upon the record before us, we conclude that the trial court did not abuse its discretion in granting the extension and in denying the father's motion to dismiss the complaint on that ground.
The father also claims that the trial court erred in concluding that the financial affidavit he submitted reflects his income in dollars, as he claims the sums are reported in rubles. Based upon the incomplete record provided, we are unable to perform any meaningful review regarding this claim and, therefore, affirm on this ground as well.
Affirmed.