951 So.2d 959 (2007)
Mary Rose SMITH, Linda Anne York, Robert Moore, Bays County Audubon Society, and St. Andrews Bay Resource Management Association, Appellants,
v.
CITY OF PANAMA CITY, Appellee.
No. 1D06-1411.
District Court of Appeal of Florida, First District.
March 13, 2007.
David Jon Russ, Gainesville, for Appellants.
Rowlett W. Bryant and Tiffany A. Brown, of Bryant & Higby, Chartered, for Appellee.
BARFIELD, J.
The appellants challenge an order dismissing their complaint for declaratory relief and petitions for writ of certiorari challenging the legality of an annexation and rezoning by the City. The pleadings were dismissed in August 2005, with leave to amend within thirty days. However, the amended pleadings were not filed until nearly three months later. The order dismissing the action with prejudice for failure to timely file the amended pleadings contained no findings of fact and no conclusions of law. We therefore reverse the order and remand the case to the trial court.
In Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983), the supreme court found that the trial court had not abused its discretion in striking the defendant's answer as a sanction for failure to comply with a discovery order, noting that "the striking of pleadings or entering a default for noncompliance with an order compelling discovery is the most severe of all sanctions which should be employed only in extreme circumstances," but that the trial court in that case had expressly found that the defendant "knew what was going on" and had "total disregard for the consequences" of the pending action, and that *960 "[s]uch facts would support an interpretation that his noncompliance was willful."
In Sekot Laboratories, Inc. v. Gleason, 585 So.2d 286 (Fla. 3d DCA 1990), the court reversed the trial court's dismissal of a third amended complaint "with prejudice," citing Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51 (Fla. 3d DCA), rev. denied, 424 So.2d 763 (Fla.1982), and Neu v. Turgel, 480 So.2d 216 (Fla. 3d DCA 1985), cause dismissed, 486 So.2d 598 (Fla.1986). Nezelek had found that an order of dismissal "with leave to amend" is not an order to amend, but rather "permission to do that which without the court's permission would not be allowable," and that failure to amend in such a circumstance is not disobedience of a court order, and does not justify dismissal "with prejudice." 413 So.2d at 54. Neu had ruled: "Once a court has dismissed a complaint with leave to amend, it cannot subsequently dismiss with prejudice for failure to timely amend unless (1) separate notice is given to plaintiff of the hearing on the motion to dismiss with prejudice, or (2) the order dismissing the complaint with leave to amend specifically provides that on failure to amend within the stated time, the cause will be dismissed without further notice." 480 So.2d at 217. The court in Sekot stated that dismissal with prejudice "is an extreme sanction" which should not be imposed absent a showing that the opposing side was "prejudiced in a meaningful way by plaintiffs' tardiness," and noted that the defendants in that case had conceded that "they have suffered no prejudice by reason of delay in amending." 585 So.2d at 289.
In Commonwealth Federal Sav. and Loan Ass'n v. Tubero, 569 So.2d 1271 (Fla. 1990), the supreme court held that an express written finding of willful or deliberate refusal to obey a discovery order is necessary to sustain the severe sanctions of dismissal or default against a noncomplying litigant. It reaffirmed its position in Mercer regarding the abuse of discretion standard for such orders, but stated that "it is for the very reason that the trial judge is granted so much discretion to impose this severe sanction that we have determined that the subject order should contain an explicit finding of willful noncompliance." Id. at 1273.
In Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993), the supreme court addressed the dismissal of a complaint for failure to timely amend, and found that "the trial courts need a meaningful set of guidelines to assist them in their task of sanctioning parties and attorneys for acts of malfeasance and disobedience." The court set out six factors which must be considered by the trial court in deciding whether dismissal of a complaint with prejudice is warranted. The six factors included whether the action was willful rather than negligent, and whether the client was personally involved. The court stated: "Upon consideration of these factors, if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative." Id. The court observed that where the attorney alone is responsible for the noncompliance with a court order, "a fine, public reprimand, or contempt order may often be the appropriate sanction" to impose on the attorney, and remanded the case to the district court of appeal "with directions that the trial court be ordered to reconsider in light of the new factors established in this opinion." Id.
In Town of Manalapan v. Florida Power & Light Co., 815 So.2d 670, 671 (Fla. 4th DCA 2002), the court reversed the dismissal of a complaint with prejudice for failure to timely file an amended complaint, finding that "consideration of the Kozel factors required a sanction less severe than dismissal." In Florida Nat. Organization for *961 Women, Inc. v. State, 832 So.2d 911, 914 (Fla. 1st DCA 2002), this court cited Manalapan and Kozel in reversing the dismissal of parts of a complaint for failure to comply with a court order, finding that "[t]here is no indication that the trial court in this case considered these factors, as it failed to make the required findings in its order." In Rohlwing v. Myakka River Real Properties, Inc., 884 So.2d 402, 406 (Fla. 2d DCA 2004), the court reversed an order dismissing an amended complaint with prejudice and remanded "for the trial court to reconsider the motion to dismiss and, should the court conclude that dismissal with prejudice is again warranted, to make the explicit determinations mandated by Kozel." The court observed:
Each appealed order dismissing with prejudice the fifth amended complaint's various counts contains only the generic language "dismissed with prejudice." The written orders do not reveal the trial court's rationale for dismissal, and the transcripts of the two hearings reflect only the trial court's brief comment about the excessive length of the fifth amended complaint and the long period during which the parties attempted to file a satisfactory complaint. This is insufficient for purposes of our review, as well as for the litigants, especially the Rohlwings.
Id. at 405. The court noted that there were "other remedies, such as a fine, public reprimand, or even a contempt order, to punish counsel's conduct if merited, without punishing the innocent client," but warned that clients "cannot escape total responsibility for their counsel's actions, whether intentional or negligent." Id. at 407. In Montage Group, Ltd. v. Athle-Tech Computer Systems, Inc., 889 So.2d 180, 189-90 (Fla. 2d DCA 2004), the court affirmed an order striking the defendants' pleadings as a sanction for discovery violations, noting that the trial court had entered "a lengthy order with detailed findings of fact and conclusions of law, including a review of the six factors outlined in [Kozel]" and conclusions that the defendants' conduct "warranted the most severe sanction available and that no less severe penalty would be a viable alternative under the circumstances."
In Ham v. Dunmire, 891 So.2d 492 (Fla. 2004), the supreme court held that the plaintiff's failure to comply with a discovery order, which did not result in prejudice to the opposing party, did not warrant dismissal with prejudice where more appropriate sanctions were available. The court discussed the review standard set out in Mercer, the "express written findings" requirement of Tubero, and the six Kozel factors, and disapproved the decisions of several district courts to the extent they had interpreted Kozel as requiring a litigant's personal involvement to justify dismissal. It found that neither the trial court, nor the district court which had affirmed the dismissal with prejudice, had reviewed the motion for sanctions "in accordance with the factors outlined in Kozel," and that it also did not appear that either court had "considered whether the purposes of the rules of civil procedure would have been vindicated through imposition of a lesser sanction." Id. at 500. It found that "[t]he trial court's failure to consider the Kozel factors in determining whether dismissal was appropriate is, by itself, a basis for remand for application of the correct standard." Id.
In Tianvan v. AVCO Corp., 898 So.2d 1208, 1209 (Fla. 4th DCA 2005), the court reversed the dismissal of a complaint with prejudice as a sanction for discovery violations, finding that "the trial court failed to make express written findings of fact supporting the conclusion that the failure to obey the court orders demonstrated willful or deliberate disregard," citing Ham and Tubero. It remanded for the trial court to *962 consider the factors articulated in Kozel "in determining whether dismissal is appropriate for the discovery violations at issue and to make written factual findings regarding willful or deliberate disregard if the court again concludes that dismissal is the appropriate sanction." Id.
The order is REVERSED and the case is REMANDED to the trial court for reconsideration in light of the case law discussed herein. While complicity of the appellants in the conduct of their counsel is only one of the several factors to be considered on remand, the relative weight to be accorded this factor is within the sound discretion of the trial court. If, after considering the six factors outlined in Kozel and whether a sanction less severe than dismissal with prejudice is a viable alternative in light of those factors, the trial court concludes that the conduct of the appellants and/or their counsel warrants dismissal of the action with prejudice, it shall enter an order containing findings of fact and conclusions of law with respect to each of the six Kozel factors and with respect to the determination that no less severe sanction would be a viable alternative under the circumstances.
PADOVANO and POLSTON, JJ., concur.