WELLS, Judge.
Joel R. Kruger, the plaintiff below, appeals from an order dismissing with prejudice his claims against the defendant be *1034 low, Harriet Kruger, for failure to timely file an amended complaint. Finding no record basis to support this sanction, we reverse. See Hunter v. Montalvo, 661 So.2d 123, 124 (Fla. 3d DCA 1995) (finding that the trial court abused its discretion in dismissing the complaint with prejudice for failure of plaintiff to amend the complaint despite being given leave to do so).
On April 15, 2011, Joel Kruger filed suit against his step-sister, Harriet Kruger, Wells Fargo Advisors, LLC and two Wells Fargo Advisors employees claiming that they manipulated a change in an insurance policy beneficiary designation form so as to deprive him of receiving benefits upon the death of the insured. He also joined the insurer, Lincoln National Corporation, for negligently paying the policy’s death benefits.
Wells Fargo and its two employees, arguing that this matter was governed by an account agreement that mandates dispute arbitration, moved to dismiss and compel arbitration. Harriet also moved to dismiss because Kruger had failed to attach a copy of the subject insurance policy to the complaint.[1]
On September 13, 2011, the motions to compel arbitration and to dismiss were heard. There is no dispute that at that hearing the trial court orally granted Harriet’s motion to dismiss and granted Joel Kruger thirty days to file an amended complaint either attaching a copy of the insurance policy or attesting that he was not in possession of the policy. There also is no dispute that the trial court took the motion to compel arbitration under advisement, directing the parties to file additional legal memoranda. The parties do, however, dispute what happened next.
Specifically, Joel Kruger claims that having taken the arbitration issue under advisement, the trial court stated that Kruger could wait to file the amended complaint until after the court had ruled on the arbitration issue. Harriet claims that no such statement was made. No written order on either motion was ever entered.
Ten months later, in July 2013, a status hearing on the pending motion to compel arbitration was held. At that time, the trial court was advised that Joel Kruger had yet to file an amended complaint. Upon learning this, the court below sua sponte dismissed with prejudice all claims against Harriet:
By this Court’s previous ore tenus Order on September 13, 2011, Defendant HARRIET KRUGER’S Motion to Dismiss was granted. Plaintiff, Joel R. Kruger, ... was given thirty (30) days to amend the Complaint. Having failed to do so by July 17, 2012, the Court hereby dismisses, sua sponte, Plaintiffs claims against HARRIET KRUGER with prejudice.
We reverse this order for as this court explained in Sekot Labs., Inc. v. Gleason, 585 So.2d 286, 287 (Fla. 3d DCA 1990), where a complaint is dismissed with leave to amend, a trial court should not thereafter dismiss the complaint with prejudice for failure to timely do so unless the original order of dismissal provides that failure to comply will result in a dismissal with prejudice or the plaintiff receives separate notice that the action will be dismissed with prejudice for failure to amend and a hearing thereon:
An order granting leave to amend permits the party to amend; it does not require it. See Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51, 54 (Fla. 3d DCA 1982), review denied, 424 So.2d 763 (Fla.1982). From a procedural standpoint, “[ojnce a court *1035 has dismissed a complaint with leave to amend, it cannot subsequently dismiss with prejudice for failure to timely amend unless (1) separate notice is given to plaintiff of the hearing on the motion to dismiss with prejudice, or (2) the order dismissing the complaint with leave to amend specifically provides that on failure to amend within the stated time, the cause will be dismissed without further notice.” Neu v. Turgel, 480 So.2d 216, 217 (Fla. 3d DCA 1985), cause dismissed, 486 So.2d 598 (Fla.1986); accord Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d at 54-55.
Neither circumstance occurred here. No order of dismissal was entered in this case providing that failure to amend within thirty days would result in dismissal with prejudice. And, the subject of the hearing at which the action was dismissed was whether the action should be arbitrated, not whether the action should be dismissed with prejudice as a sanction for Kruger’s failure to timely amend. The action should not, therefore, have been dismissed simply because Joel Kruger failed to file an amended complaint attaching the insurance policy or attesting that he did not have a copy.[2]
More to the point, “[ajmong the other factors which should be taken into account in the exercise of discretion [in dismissing an action for failure to file an amended complaint] is Florida’s longstanding policy in favor of adjudication on the merits, and against procedural default.” Id. at 289 (citations omitted). As the Florida Supreme Court in Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993), confirmed, dismissal with prejudice for failure to file an amended complaint is an extreme sanction which generally cannot be justified absent a showing that the failure to amend was willful, deliberate, or contumacious, rather than an act of neglect or ■inexperience; that previous sanctions had already been imposed; that the client as opposed to counsel was involved in the failure to amend; that the delay prejudiced the opposing party through undue expense, loss of evidence, or otherwise; that no reasonable justification was offered for noncompliance; and that the delay created significant problems of judicial administration. Neither the order of dismissal nor the record before us indicates that any of these criteria were met. See McMillan v. Horan, 632 So.2d 1091, 1091 (Fla. 5th DCA 1994) (“Any final dismissal of a defaulting plaintiff, or the record upon which it is based, should demonstrate that the decision to dismiss conforms with the Ko-zel factors.”).
The order dismissing this action with prejudice is therefore reversed and this action remanded with instructions to determine what, if any, sanction is appropriate short of dismissal with prejudice. See McMillan, 632 So.2d at 1091 (“As emphasized in [Kozel], our supreme court is concerned with efficiency in the judicial system at all levels. When attorneys fail to adhere to filing deadlines ..., the trial courts, where appropriate, should utilize *1036 fines, public reprimands and contempt orders to expedite the progress of cases.”).
Reversed and remanded with instructions.

. Additional grounds for dismissal not at issue here were raised by all parties.

. "Where a court has permitted an amendment, the failure to amend timely is most nearly analogous to a failure to prosecute the action, which is the classic case for a dismissal without prejudice.” Sekot Labs., Inc., 585 So.2d at 288; see Fla. R. Civ. P. 1.420(e). "It would be anomalous if other forms of failure to prosecute would be subject to the one-year rule of Rule 1.420(e), Florida Rules of Civil Procedure (which results in a dismissal without prejudice) while a shorter delay after leave to amend would result (under defendant’s view) in a dismissal with prejudice." Id. at 289, n. 2 (on rehearing); see Fla. R. Civ. P. 1.420(e) (providing for dismissal of action for failure to prosecute where no record activity has occurred for a period of ten months and where, after receiving notice, "no record activity occurs within the 60 days immediately following the service of such notice”).