SALTER, J.
Daryl Merl appeals a final order dismissing his complaint with prejudice based on his delays in filing an amended complaint, his “history of sanctions by the Florida Bar and ultimate disbarment,” and conclusions regarding the factors set forth in Kozel v. Ostendorf, 629 So.2d 817 (Fla. 1993) (enumerating factors to be assessed when considering dismissal with prejudice as a sanction; ultimately quashing such an order in that particular case). We reverse and remand the case to the trial court for further proceedings.
Mr. Merl’s pro se complaint alleged that two attorneys and their law firm committed legal malpractice and fraud in handling a grievance proceeding against Mr. Merl by The Florida Bar, and in protecting the interests of Mr. Merl and his clients during the period of Mr. Merl’s suspension (and, ultimately, disbarment). After the defendants filed motions to dismiss the complaint and for a more definite statement, Mr. Merl stipulated to an order granting those motions and providing twenty days from entry of the order within which Mr. Merl “shall” file an amended complaint. The order did not specify that the failure to file an amended complaint within that time would result in a dismissal with prejudice.
Three weeks after the twenty-day period for amendment had elapsed, the defendants filed and noticed for hearing a motion to dismiss the action with prejudice. Following a non-evidentiary, motion calendar hearing on that motion, the circuit court dismissed the action with prejudice without specifying any grounds for doing so. Mr. Merl sought rehearing, which was denied, but in denying the motion for rehearing, the trial court also amended the order of dismissal to address the Kozel factors. This appeal followed.

Analysis

We have previously addressed trial court orders which permit but do not require amendment, and which do not specify that dismissal with prejudice will follow if the complaint is not amended within the allowed time. Kruger v. Kruger, 124 So.3d 1033, 1035 (Fla. 3d DCA 2013) (noting “Florida’s long-standing policy in favor of adjudication on the merits, and against procedural default”) (citing Sekot Labs., Inc. v. Gleason, 585 So.2d 286, 289 (Fla. 3d DCA 1990)).
Turning to the Kozel analysis in the order before us, we are concerned that no evidence was taken and there seems to have been no assessment of specific, less drastic, sanctions such as a fine or contempt order. Kozel, 629 So.2d at 818. The record does not reflect, and oral argument did not elicit, any material prejudice to the defendant/appellees as a result of Mr. Merl’s untimeliness. Similarly, Mr. Merl’s prior disbarment was not shown to have resulted from ignoring orders to amend or court deadlines. The complaint itself indicates that Mr. Merl was in a drug *1153 and rehabilitation program at the time his Florida Bar grievance proceedings were pending.
For these reasons, we reverse the order dismissing the complaint with prejudice, and we remand the case to the trial court for further proceedings. If Mr. Merl does not promptly amend his complaint within the time the trial court shall designate, those proceedings shall include an eviden-tiary hearing. If the trial court then concludes (but on a more complete record) that Mr. Merl’s lack of diligence warrants monetary sanctions or the ultimate sanction of a dismissal with prejudice, it shall enter an appropriate order. We express no opinion as to the legal sufficiency of any amended complaint or the merits of the parties’ claims and defenses at this stage of the case.
Reversed and remanded.