DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**MICHELLE GERBINO,**
Appellant,

v.

**ISLE OF PARADISE B, INC., GUS NASIELL, JEAN-PAUL AND MARIE BERTHIAUME, KASEY AND KEVIN MCCLUNG,** and **ANTHONY VITALE,**
Appellees.

No. 4D12-4547

[August 20, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David Krathen, Judge; L.T. Case No. 11-1970 CACE.

Lorenzo Jackson, Jr. of Jackson Law P.A., Miramar, for appellant.

Dennis S. Lefkowitz, Boca Raton, for appellee Isle of Paradise, B Inc.

Richard Birkebwald, North Miami Beach, for appellees Gus Nasiell, Jean-Paul and Marie Berthiaume, Kasey and Kevin McClung, and Anthony Vitale.

***ON MOTION FOR REHEARING***

WARNER, J.

We grant appellant's motion for rehearing, withdraw our prior opinion and substitute the following in its place.

Appellant challenges a final order dismissing her complaint for declaratory judgment with prejudice after the court denied her request for additional time to file an amended complaint. She claims that the court failed to provide proper notice and did not conduct an analysis pursuant to *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993), to determine whether dismissal was an appropriate sanction. We agree on both points and reverse.

Appellant, acting pro se, filed a complaint for declaratory judgment in county court to determine whether private docks were built on the common property of her condominium association. She later retained an attorney who moved to transfer the case to circuit court and to amend the complaint. Appellees moved to dismiss the amended complaint for failure to state a cause of action. The court granted the motion to dismiss, pointing out that appellant's causes of action for damages and injunctive relief should be separately stated.

Appellant acquired new counsel who filed a second amended complaint, which appellees also moved to dismiss. The court dismissed the second amended complaint for failure to join indispensable parties. It granted leave to amend. When the deadline for filing the third amended complaint passed, appellees moved to dismiss the complaint with prejudice for failure to timely file the third amended complaint. Appellant filed the complaint shortly thereafter. Again, appellees moved to dismiss the complaint for failure to state a cause of action and requested dismissal with prejudice. The court, however, granted the motion to dismiss with leave to amend within thirty days to specifically name individual defendants who were indispensable parties.

The day before the amended complaint was due to be filed, appellant filed a motion for extension of time to file the new complaint, proffering that additional investigation needed to be done. Appellees objected, contending that the excuse for failure to file was insufficient and that the court had discretion to deny the extension. At the hearing on the motion, the court denied the motion for extension and entered a final order dismissing the complaint with prejudice. From that order, appellant files this appeal.

We reverse the final order of dismissal for two reasons. First, the court did not give the proper notice of its intent to dismiss with prejudice. Second, the court failed to consider the factors of *Kozel* before entering the ultimate sanction of dismissal with prejudice.

The court dismissed appellant's complaint with prejudice without notice and after a hearing in which the court denied the appellant's motion to extend the time for filing the fourth amended complaint.

> Once a court has dismissed a complaint with leave to amend, it cannot subsequently dismiss with prejudice for failure to timely amend unless (1) separate notice is given to plaintiff of the hearing on the motion to dismiss with prejudice, or (2) the order dismissing the complaint with leave to amend specifically

2

provides that on failure to amend within the stated time, the cause will be dismissed without further notice.

*Neu v. Turgel*, 480 So. 2d 216, 217 (Fla. 3d DCA 1985), *cause dismissed*, 486 So. 2d 598 (Fla. 1986); *accord Kruger v. Kruger*, 124 So. 3d 1033, 1034-35 (Fla. 3d DCA 2013); *Smith v. City of Panama City*, 951 So. 2d 959, 960 (Fla. 1st DCA 2007); *Sekot Labs., Inc. v. Gleason*, 585 So. 2d 286, 287 (Fla. 3d DCA 1990); *see also McMurray v. U-Haul Co.*, 425 So. 2d 1208, 1209 (Fla. 4th DCA 1983) (where trial court dismissed complaint with leave to amend and plaintiff failed to amend within the time provided, it was error to dismiss case with prejudice without giving notice to the plaintiff). Here, neither alternative described in *Neu* was provided. Therefore, procedurally the court erred.

More importantly, the court erred in failing to consider the *Kozel* factors prior to dismissing the complaint with prejudice. In *Kozel*, the trial court had dismissed the complaint for failure to state a cause of action and granted ten days to amend. 629 So. 2d at 817. When the plaintiff did not file an amended complaint until five months later, the defendant moved the court to dismiss the complaint with prejudice, which the trial court did. *Id.* On appeal, the second district determined that the trial court had discretionary authority to dismiss a complaint if the plaintiff failed to file a timely amendment. *Kozel v. Ostendorf*, 603 So. 2d 602, 603 (Fla. 2d DCA 1992). But on review by the supreme court, the court held that such discretionary authority cannot be exercised without the trial court's consideration of six factors to assure that the ultimate sanction of dismissal will not be imposed on the client solely for the attorney's neglect. *Kozel*, 629 So. 2d at 818. Those factors are:

> 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.

*Id.* After considering these factors, if a sanction less severe than dismissal of the suit is a viable alternative, then the court should employ such an alternative. *Id.*; *accord Kruger*, 124 So. 3d at 1034-35; *Smith*, 951 So. 2d at 960; *Sekot*, 585 So. 2d at 287; *SPS Dev. Co., v. DS Enters. of the Palm*

3

*Beaches, Inc.*, 970 So. 2d 495, 497 (Fla. 4th DCA 2007); *Town of Manalapan v. Fla. Power & Light Co.*, 815 So. 2d 670, 672 (Fla. 4th DCA 2002). In this case, the court failed to consider these factors in dismissing the appellant's complaint with prejudice.

Appellee contends that the order of dismissal does not mention sanctions, and the trial court was simply dismissing the complaint for failure to state a cause of action. First, the mere fact that "sanction" is not mentioned is not dispositive. Second, the court had already granted leave to amend to correct the pleading deficiencies, as it saw them. Thus, the complaint could have stated a cause of action, and the court provided no analysis of why it was dismissing the case with prejudice, other than the fact that the plaintiff had not filed a timely amended complaint. Alone, that reason is insufficient to warrant dismissal with prejudice. *See Kozel*, 629 So. 2d at 818. Moreover, without the trial court's analysis of those factors, we cannot review the discretionary decision of the trial court. *See Rohlwing v. Myakka River Real Props., Inc.*, 884 So. 2d 402, 405 (Fla. 2d DCA 2004). The trial court must conduct the analysis before dismissing the complaint with prejudice.

*Reversed and remanded for further proceedings consistent with this opinion.*

DAMOORGIAN, C.J., and MAY, J., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**