IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BANK OF NEW YORK
MELLON,

     Appellant,

v.

TIMOTHY M. CLARK;
SANCTUARY AT REDFISH
CONDOMINIUM
ASSOCIATION, INC;
EXQUISITE BUILDERS, LLC;
BEACH COMMUNITY BANK;
UNKNOWN OCCUPANT #1;
UNKNOWN OCCUPANT #2;
UNKNOWN SPOUSE OF
TIMOTHY M. CLARK,

     Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2250

Opinion filed February 2, 2016.

An appeal from the Circuit Court for Walton County.
William P. White, Jr., Judge.

David W. Rodstein of Padula Hodkin, PLLC, Boca Raton, for Appellant.

John Cottle of Becker & Poliakoff, P.A., Fort Walton Beach, for Appellee, Sanctuary at Redfish Condominium Association, Inc.

PER CURIAM.

Appellant argues the trial court abused its discretion when it dismissed appellant's foreclosure claim with prejudice as a sanction for counsel's discovery violations without making explicit written findings pursuant to Kozel v. Ostendorf, 629 So. 2d 817 (Fla. Oct. 28, 1993, clarified Jan. 13, 1994). We agree and reverse and remand for the trial court to consider the six factors outlined in Kozel and whether a sanction less severe than dismissal with prejudice is a viable alternative in light of those factors. If, after considering these factors, the trial court concludes that the conduct of appellant and/or its counsel warrants dismissal of the action with prejudice, the court shall enter an order containing explicit findings of fact and conclusions of law with respect to each of the six Kozel factors and with respect to the determination that no less severe sanction would be a viable alternative under the circumstances. See Smith v. City of Panama City, 951 So. 2d 959, 962 (Fla. 1st DCA 2007).

REVERSED and REMANDED with instructions.

ROBERTS, C.J., and WOLF, J., CONCUR; THOMAS, J., SPECIALLY CONCURRING WITH OPINION.

THOMAS, J., SPECIALLY CONCURRING.

Although this Court must remand for factual findings consistent with Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1994), it is apparent that discovery violations occurred in this case. And although it is correct that this court reversed an order imposing a sanction of dismissal for discovery violations in GMAC Mortgage, LLC v. Whiddon, 164 So. 3d 97 (Fla. 1st DCA 2015), that case is readily distinguishable from the discovery violations documented here. In GMAC, the party at fault improvidently filed a foreclosure action and demonstrated an inability to follow rules of procedure. Here, the trial court correctly recognized that some of the discovery violations were egregious.

But we do not decide here whether the trial court will and could enter an order that would comply with Kozel, and we cannot speculate whether the trial court will again find dismissal the appropriate sanction. Nevertheless, we cannot and do not countenance actions in which litigants disregard discovery deadlines, file meaningless objections, insert boilerplate responses, and file repeated motions for additional time to respond, only to provide insufficient information or documents. When legal decisions are unduly delayed because one party refuses to perform their legal obligations to comply with discovery rules, it is entirely appropriate for a trial court to carefully consider sanctions when raised by the non-offending party. It is critical to remember that discovery abuses are not merely

3

private matters between private litigants, but are public abuses that violate citizens' proper expectation that the judiciary will ensure that cases are timely resolved.

Civil cases lingering in courts for years without final resolution because of lengthy discovery disputes should not be tolerated in courts of law. All involved, judges and litigants, have a solemn responsibility to ensure that inexcusable delays in civil legal proceedings do not occur, and where such are documented, that the delays are appropriately punished. I commend the trial court for its efforts here, but I concur, as I must, for further proceedings in accordance with Kozel.