# Third District Court of Appeal

## State of Florida

Opinion filed February 24, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-208
Lower Tribunal No. 19-19304
_____


**Jeffrey Gonzalez,**
Appellant,

vs.

**Ferco Motors Corp., etc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Michael Hanzman and Beatrice Butchko, Judges.

Remer & Georges-Pierre, PLLC, and Jason S. Remer, for appellant.

Kubicki Draper, P.A., Barbara E. Fox and Jennifer Remy Estorino, for appellee.


Before EMAS, C.J., and SCALES and GORDO, JJ.

PER CURIAM.

Jeffrey Gonzalez appeals the trial court's dismissal with prejudice of the underlying breach of contract lawsuit.[1]  Gonzalez asserts the dismissal order was erroneous because he was not afforded either notice of the sanction or an opportunity to be heard.  We agree, reverse and remand.

Gonzalez sued Ferco Motors Corp., his former employer, arguing it had breached a contract because it had not paid Gonzalez commissions owed for automobile sales.  Ferco filed a motion to dismiss that complaint. On December 19, 2019, based on the parties' agreement, the trial court entered an agreed order giving Gonzalez ten days to amend the complaint. Thus, the amended complaint was required to be filed by December 30, 2019.  The agreed order did not contain any language advising Gonzalez that the failure to timely amend his complaint would result in dismissal of the underlying action.

On December 30, 2019, Ferco filed its "Ex Parte Second Motion to Dismiss,"[2]  and simultaneously submitted a proposed order to the judge's

---

[1] Gonzalez also appeals the trial court's subsequent denial, with prejudice, of his motion to vacate the dismissal order, alleging the trial court erred because he had demonstrated excusable neglect. Given our ruling on the dismissal order, we need not reach the merits of this argument.

[2] Although the motion is labeled "ex-parte" and both parties refer to it as such, the motion contains a service list, which certifies the motion was served on Gonzalez's counsel.

chambers, granting the motion. The trial court executed the proposed order and dismissed Gonzalez's action with prejudice that same day.

This Court has previously held that a dismissal with prejudice under these circumstances constitutes an abuse of discretion. See Kruger v, Kruger, 124 So. 3d 1033, 1034–35 (Fla. 3d DCA 2013).

> Once a court has dismissed a complaint with leave to amend, it cannot subsequently dismiss with prejudice for failure to timely amend unless (1) separate notice is given to plaintiff of the hearing on the motion to dismiss with prejudice, or (2) the order dismissing the complaint with leave to amend specifically provides that on failure to amend within the stated time, the cause will be dismissed without further notice.

Id. (quoting Sekot Labs., Inc. v. Gleason, 585 So. 2d 286, 287 (Fla. 3d DCA 1990)).

"Neither circumstance occurred here." Id. at 1035. The court entered the dismissal order with prejudice the same day that the motion was filed, without a hearing affording Gonzalez an opportunity to respond and without prior notice that such a sanction would be imposed. As such, "[t]he action should not . . . have been dismissed [with prejudice] simply because [Gonzalez] failed to file an amended complaint." Id. "[D]ismissal with prejudice for failure to file an amended complaint is an extreme sanction

3

which generally cannot be justified absent" findings consistent with the factors enunciated in Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993).[3]  Id.

Reversed and remanded.

---

[3] "As emphasized in [Kozel], our supreme court is concerned with efficiency in the judicial system at all levels.  When attorneys fail to adhere to filing deadlines . . . , the trial courts, where appropriate, should utilize fines, public reprimands and contempt orders to expedite the progress of cases." Kruger, 124 So. 3d at 1035–36 (quoting McMillan v. Horan, 632 So. 2d 1091, 1091 (Fla. 5th DCA 1994)).